George McLOUGHLIN and
Meredith McLoughlin

v.

ZONING HEARING BOARD OF
NEWTOWN TOWNSHIP.

Appeal of: Robert Goggin
and Kelly Goggin.

Commonwealth Court of Pennsylvania.

Argued June 9, 2008.

Decided July 9, 2008.

Reargument Denied Sept. 2, 2008.

Joseph P. Ryan, Paoli, for appellants.

Vincent B. Mancini, Media, for appellees.

BEFORE: LEADBETTER, President Judge, and SMITH–RIBNER, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Robert and Kelly Goggin (Protestants) appeal from an order of the Court of Common Pleas of Delaware County (trial court) that (1) dismissed their appeal for lack of standing and (2) reversed a decision of the Newtown Township Zoning Hearing Board (Board) that had denied an application for variances filed by George and Meredith McLoughlin (Applicants). We now affirm.

In 1998, the Applicants purchased two contiguous lots on Newtown Street Road in the Township. The Applicants' residence is located on one of the lots (the Developed Lot), and the other is vacant (the Vacant Lot). The Protestants are adjoining land owners.

The lots are located in an R–1 Zoning District. The minimum lot size in such districts is 60,000 square feet and the mini-

mum lot frontage is 175 feet. Further, the ordinance requires 30,000 square feet of contiguous buildable area. The Vacant Lot comprises a total of 27,232 square feet and has frontage of 132.71 linear feet, and, therefore, fails to satisfy the ordinance requirements for total square feet, contiguous buildable square feet and frontage. The Applicants filed an application with the Township's zoning officer asserting that the Vacant Lot constituted a valid pre-existing non-conforming lot, based upon its existence prior to the enactment of the present ordinance. The zoning officer apparently denied that request. The Applicants appealed that decision to the Board and added a request for relief in the form of variances from the terms of the ordinance.[1]

At the hearings before the Board, the Protestants raised the question of whether the Developed Lot and the Vacant Lot had merged, by virtue of the uses the Applicants had made of the Vacant Lot. The Board's decision reflected a tie vote of the four members, with one member concluding that a merger had occurred that precluded the grant of the requested relief, one member concluding that, even if merger had not occurred, the Applicants were not entitled to the variances, and two members simply concluding that merger had not occurred. The Board concluded that the tie vote constituted a denial of the requested relief.

The Applicants appealed the Board's decision with a notice of appeal dated November 26, 2006. On February 7, 2007, the Protestants filed a notice of intervention with the trial court. The notice of intervention stated "[i]ntervenors Robert Goggin and Kelly Goggin, party protestants below and owners of property adjacent to the property at issue, hereby intervene pursuant to 53 P.S. § 11004-A." The trial court issued an order dated April 9, 2007, reversing the Board's decision. The trial court concluded that the Board erred as a matter of law or abused its discretion in denying the Applicants' request for variances. With regard to the Protestants' act in filing a notice of intervention, the trial court concluded that they had failed to file their notice in accordance with Section 1004-A of the Pennsylvania Municipalities Planning Code (MPC)[2] or Pa. R.C.P. No. 2328.

The Protestants filed a notice of appeal to this Court and the trial court directed them to file a concise statement of matters complained of on appeal. The Protestants complied, asserting that the trial court erred in concluding that they had failed to follow required procedure in seeking to intervene before the trial court and that the trial court had abused its discretion in reversing the Board's decision.

The trial court thereafter issued an opinion in support of its order. The trial court first referred to Section 1004-A of the MPC, which provides the following:

> Within the 30 days following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of

---

1. The Board noted that no one who attended the Board's hearing on the Applicants' request for relief raised or addressed the issue of whether the Vacant Lot constituted a valid pre-existing non-conforming lot, and, hence, that issue was waived. The Township's zoning ordinance does have a provision relating to non-conforming buildings and use of land,

Section 172.141, but this provision clearly seems to apply only to non-conforming uses rather than dimensional non-conformities.

2. Act of July 31, 1968, P.L. 805, added by the Act of December 21, 1988, *as amended*, 53 P.S. § 11004-A.

course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure.

This statutory provision identifies those parties who may intervene as of right by merely filing a notice of intervention with a trial court, only including a municipality, owner or tenant of a property involved in the action. Thus, by the plain statutory terms, any other party must comply with the Pennsylvania Rules of Civil Procedure relating to intervention and simply filing a notice of intervention under Section 1004–A of the MPC is not sufficient.

In this case, the trial court noted that the Protestants did not file a notice of intervention within the thirty days prescribed by Section 1004–A. Thus, the trial court opined that, even if this Section applies to the Protestants, who are not a municipality, or an owner or tenant of the property directly involved in the land use appeal, the Protestants did not file their notice to intervene in a timely manner.

The trial court then proceeded to cite to Pa. R.C.P. No. 2328, which provides as follows:

(a) Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. The petitioner shall attach to the petition a copy of any pleading which the petitioner will file in the action if permitted to intervene or shall state in the petition that the petitioner adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action.

(b) A copy of the petition shall be served upon each party to the action.

With respect to this Rule, the trial court noted that the Protestants never filed a petition to intervene that would have prompted it to conduct a hearing on the petition. Hence, because it never decided whether the Protestants should be permitted to intervene, the trial court concluded that Protestants never gained the status of intervenors, and, thus, never gained standing to appeal its decision. Based upon this conclusion, the trial court did not address the Protestants' challenge to that part of the trial court's order reversing the Board's decision on the merits, but did refer this Court to our decision in *Tinicum Township v. Jones,* 723 A.2d 1068 (Pa. Cmwlth.1998), apparently concluding that no merger occurred.

On appeal,[3] the Protestants argue that the trial court erred in concluding that the form of their attempt to intervene justified the conclusion that they lacked standing to appeal. We disagree.[4]

We begin by noting that the Protestants are correct in stating that this Court has recognized that adjacent landowners typically have a sufficient interest in land use applications to enable them to obtain status as intervenors. *See Grant v.*

3. This Court's scope of review of a decision of a trial court in an appeal from a zoning hearing board decision is limited to considering whether the board committed a legal error or abused its discretion. *Lamar Advertising Co. v. Zoning Hearing Board of Monroeville,* 939 A.2d 994 (Pa.Cmwlth.2007).

4. The Protestants also argue that the trial court erred or abused its discretion in reversing the Board's deemed denial of the Applicant's variance requests. However, based upon our determination above, we need not reach this issue.

*Zoning Hearing Board of the Township of Penn,* 776 A.2d 356 (Pa.Cmwlth.2001). However, *Grant* does not stand for the proposition that an adjacent landowner has a right as of course to intervene, i.e., by a notice of intervention filed pursuant to Section 1004-A of the MPC. As noted above, only municipalities and owners or tenants of property at the heart of the land use dispute may intervene as of course.

The Protestants assert that the only failing aspect of their notice of intervention is that it is incorrectly captioned as a notice rather than a petition. However, by providing notice, a party accomplishes nothing more than the provision of information; the filing of a notice requires no responsive pleading or order on the part of another party or a court. On the other hand, a petition constitutes a pleading, which by contrast, makes a court and other parties aware that the moving party is seeking some type of relief, to which an opposing party may respond, and which a court must ultimately resolve. The Protestants' notice of intervention herein does not suggest that the trial court needed to act, as no relief was in fact requested, nor did it suggest that the Applicants would have to respond thereto. Further, the notice fails to satisfy the requirements of Pa. R.C.P. No. 2328 by setting forth the grounds for intervention.

We next turn to the Protestants' assertion that they did specifically request to intervene at a hearing before the trial court on March 30, 2007. During the course of that hearing, counsel for the Applicants presented the following comments regarding discussions at a conference the trial court conducted in February 2007:

> [M]y first issue . . . is the intervention of the [Protestants]. As I have discussed with Your Honor in conference they have never filed a petition for intervention. It was strictly a notice of intervention, which is not proper for an owner of property who's protesting an application. . . . This appeal was taken on November 22. Copies were sent to all the protestants and the intervention I believe wasn't filed until I believe February of sometime. And I believe Your Honor when we last met had asked Mr.—had spoken to [counsel for Protestants] about contacting me and trying to work that issue out and that just never developed. But I leave that to Your Honor's judgment on how to handle it.

(N.T., March 30, 2007, pp. 4–5).

At that hearing, counsel for the Protestants argued to the trial court that his clients fell within the requirements for intervention set forth in Pa. R.C.P. No. 2327, and that, if he had filed a petition rather than a notice, the trial court would not have had any discretion to deny his clients' intervention. The final colloquy between Protestants' counsel and the trial court provided the following exchange:

> Mr. Ryan: So that's why we believe we are properly before the Court.
>
> The Court: All right. And the question is properly raised by Mr. Mancine [Applicants' counsel], but I'm going to permit at this point for the sake of speediness the is [sic] it Gogon's [sic]? Mr. Ryan, your client—
>
> Mr. Ryan: Yes.
>
> The Court:—is Mr. Gogon's [sic]? Gogon's [sic] to argue their position with regard to the appeal. However, what I will do is I will address the question preliminary in my decision on the Court's consideration of your status to intervene. Go ahead Mr. Ryan.

(N.T., March 30, 2007, p. 22).

Counsel for the Protestants contends that at least one other court has permitted intervention upon oral application to a

court, and that the above colloquy constitutes such an application that required the trial court to consider the application on the merits under the terms of Pa. R.C.P. No. 2327. Counsel cites to *Marx v. Board of Property Assessment, Appeals and Review of Allegheny County*, 31 Pa.Cmwlth. 496, 377 A.2d 199 (1977) for support. However, the distinguishing factor between the colloquy between the trial court and counsel herein and the decision of this Court in *Marx* is that, although the Protestants in this case addressed the trial court regarding the merits of their position, i.e., they should be granted intervenor status, the Protestants, contrary to their own assertion and unlike the property owner in *Marx*, never actually **moved** the trial court to grant intervenor status.[5] Further, *Marx* does not stand for the proposition that, when faced with an oral motion, a court must grant the motion. Rather, the trial court retains discretion as to whether to grant or deny the motion.

In this case, the Protestants acted at their own risk in assuming that the colloquy between them and the trial court was sufficient to place the merits of the issue before the trial court. Further, although the Protestants apparently had numerous opportunities and adequate time, they never actually presented a motion to intervene, either written or oral, to the trial court. Consequently, the trial court could not have erred or abused its discretion with regard to the Protestants' notice of intervention. Despite the Protestants' desire, they never acted with the required clarity to force the trial court to resolve a motion. Moreover, as counsel for the Applicants noted, the trial court had apparently permitted counsel for both parties to work out the intervention problem. This Court can perceive that the trial court thereby permitted counsel to either (1) agree that intervention was appropriate or (2) anticipate that, if no agreement resulted from discussions, then counsel for the Protestants would finally comply and submit a petition for intervention as directed by Pa. R.C.P. No. 2328.

Under the circumstances, given the numerous opportunities that the Protestants had to comply by filing a petition to intervene and given the lack of a specific oral motion to intervene, we cannot agree with the Protestants that the trial court abused its discretion or erred as a matter of law in concluding that they lacked standing to appeal based upon their failure to intervene in the manner dictated by the Pennsylvania Rules of Civil Procedure.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 9th day of July, 2008, the order of the Court of Common Pleas of Delaware County is hereby affirmed.

---

5. Counsel for the Applicants states that the trial court instructed the Protestants to file a petition to intervene at a conference held on February 26, 2007; however, there is no transcript of that conference. Consequently, this Court may not and does not consider that alleged factor in reaching its decision herein.