Joan Lescinsky and William Lescinsky :
:
v. : No. 1746 C.D. 2014
: Submitted: July 24, 2015
Township of Covington Zoning :
Hearing Board :
:
Appeal of: Lorraine Sulla :


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY
SENIOR JUDGE COLINS                               FILED:  August 21, 2015


Before this Court is the appeal of Lorraine Sulla (Sulla) from the July 9, 2014 order of the Court of Common Pleas of Lackawanna County (Trial Court) in the above-captioned zoning enforcement matter.  Because Sulla did not file a Petition to Intervene before the Trial Court, we quash the appeal.

The rules governing intervention in land use appeals have been strictly applied by this Court, including instances where the party seeking to intervene participated as a party at the township level, and instances where the party seeking to intervene is directly involved in the action.  *See, e.g., Nahas v. Zoning Hearing Board of Schuylkill County*, 823 A.2d 237 (Pa. Cmwlth. 2003).

Under Section 1004-A of the Municipalities Planning Code (MPC)[1], a municipality and any owner or tenant of the property directly involved in the action appealed from may intervene as of course by filing a notice of intervention within 30 days following the filing of the land use appeal; all other interventions are governed by the Pennsylvania Rules of Civil Procedure.  Section 1004-A of the MPC, 53 P.S. § 11004-A.[2]

Pennsylvania Rule of Civil Procedure 2328 requires that an application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action.[3]  Pa. R.C.P. No. 2328.  Pennsylvania Rule of Civil Procedure 2329 requires that upon filing of

---

[1] Act of July 31, 1968, P.L. 805, *as amended*, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11004-A.

[2] Section 11004-A of the MPC provides: "Within the 30 days following the filing of a land use appeal, if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure."  53 P.S. § 11004-A.

[3] Pennsylvania Rule of Civil Procedure 2328 provides:

> (a) Application for leave to intervene shall be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. The petitioner shall attach to the petition a copy of any pleading which the petitioner will file in the action if permitted to intervene or shall state in the petition that the petitioner adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action.
>
> (b) A copy of the petition shall be served upon each party to the action.

Pa. R.C.P. No. 2328.

the petition and after a hearing the court shall enter an order allowing intervention unless the application may be refused, including, *inter alia,* when "the petitioner has unduly delayed in making application for intervention or intervention will unduly delay, embarrass or prejudice the trial or the adjudication of the rights of the parties." Pa. R.C.P. No. 2329; *see also* Pa. R.C.P. No. 2327 (addressing who may intervene).

This Court addressed the difference between a notice of intervention and a petition to intervene, as well as the attendant consequences, in *McLoughlin v. Zoning Hearing Board*, 953 A.2d 855 (Pa. Cmwlth. 2008), stating:

> [B]y providing notice, a party accomplishes nothing more than the provision of information; the filing of a notice requires no responsive pleading or order on the part of another party or a court. On the other hand, a petition constitutes a pleading, which by contrast, makes a court and other parties aware that the moving party is seeking some type of relief, to which an opposing party may respond, and which a court must ultimately resolve. The Protestants' notice of intervention herein does not suggest that the trial court needed to act, as no relief was in fact requested, nor did it suggest that the Applicants would have to respond thereto. Further, the notice fails to satisfy the requirements of [Pennsylvania Rule of Appellate Procedure] 2328 by setting forth the grounds for intervention.

*Id.* at 858. As a result of the failure to intervene in accordance with the Pennsylvania Rules of Civil Procedure, this Court held that the protestants in *McLoughlin* lacked standing to participate in the zoning appeal, regardless of the fact that the protestants were adjacent property owners. *Id.* at 855, 859

Sulla is an adjoining owner to the property that was at issue in the zoning enforcement matter before the Trial Court. Sulla filed a Notice to Intervene in the Trial Court on December 2, 2013. Sulla did not file a Petition to Intervene

3

during the pendency of the action below. Therefore, Sulla was not a party to the action below and is without standing to bring an appeal of the July 9, 2014 order of the Trial Court.[4]

For the benefit of land use practitioners in the Commonwealth and in the interest of absolutely clarity, we wish to stress that whether stemming from unfamiliarity with the Pennsylvania Rules of Civil Procedure, vestiges of countervailing local rules, error or misrepresentations made by counsel, or a matter traversing from courtroom to courtroom prior to reaching the merits, this issue has repeatedly reached this Court and the holding has been the same: unless you are a municipality or an owner or tenant of the property directly involved in the action appealed from, you must file a petition to intervene in the form of and verified in the manner of a plaintiff's initial pleading in a civil action to participate as an intervenor in a land use appeal.

Accordingly, we quash the appeal.

_____
**JAMES GARDNER COLINS, Senior Judge**

---

[4] Although the law is clear, the result is highly technical and deeply troubling. Throughout the proceedings before the Trial Court, Sulla was permitted to participate as though she had properly intervened and was a party to this matter. She was not. It was only when Sulla found fault with a stipulated settlement between the parties and sought to appeal to this Court that her status as a party to this matter was questioned and found insufficient. In her brief, Sulla addresses the merits of her appeal, rather than the issue squarely addressed by both the Trial Court and the Appellees: her lack of standing. As Sulla has offered no argument as to why this matter presents an exception and the rules governing intervention in land use appeals should not be strictly applied, the result is unfortunate but it is required by law.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joan Lescinsky and William Lescinsky  :
                                    :
              v.                    :  No. 1746 C.D. 2014
                                      :
Township of Covington Zoning  :
Hearing Board  :
                                      :
Appeal of: Lorraine Sulla  :

# **O R D E R**

AND NOW, this 21st day of August, 2015, the appeal in the above-captioned matter is QUASHED.

**_____**
**JAMES GARDNER COLINS, Senior Judge**

Joan Lescinsky and William Lescinsky  :
                              :   No. 1746 C.D. 2014

            v.                   :
                              :   Submitted: July 24, 2015

Township of Covington Zoning    :
Hearing Board                  :
                              :
Appeal of:  Lorraine Sulla      :


BEFORE:   HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


CONCURRING OPINION
BY JUDGE McCULLOUGH                    FILED:  August 21, 2015


        I concur in the result reached by the Majority, and I write separately to clarify the statement that an adjoining landowner must always file a petition to intervene in order to appeal a land-use decision by a zoning hearing board because I believe it is overly broad.  (*See* Maj. slip op. at 4 & n.4.)

        In this case, the Township of Covington Zoning Hearing Board (Board) issued a September 25, 2013 order **upholding** six different enforcement notices against Joan and William Lescinsky (the Lescinskys), and an October 4, 2013 order **denying** the Lescinskys' request for a variance.  (Reproduced Record (R.R.) at 85a-86a, 93a, 103a.)  Lorraine Sulla (Sulla), an adjoining property owner who participated in the proceedings before the Board, seeks to appeal these orders to the trial court, but she failed to file a petition to intervene with the trial court.

Under Pennsylvania law, when a Board issues an order **upholding** an enforcement notice, or an order **denying** a property owner's request for land-use relief (such as a variance), an objecting, adjoining landowner must petition to intervene with the trial court, regardless of the objector's status or participation in the proceedings before the Board. *Brendel v. Zoning Enforcement Officer of Borough of Ridgway*, 780 A.2d 750, 751 (Pa. Cmwlth. 2001); *Gilchrist v. Zoning Hearing Board of Old Forge Borough*, 475 A.2d 1366, 1368 (Pa. Cmwlth. 1984). In these scenarios, the property owner subject to enforcement sanctions or denied requested land-use relief serves as the appellant; the Board acts as the appellee to defend its own decisions, *see Zeigler v. Klay*, 640 A. 2d 511, 513-14 (Pa. Cmwlth. 1994); and the objecting, adjoining landowner is not "aggrieved" for standing purposes because the Board's orders are not "adverse" to the objector's interests. Accordingly, our law requires the objecting, adjoining landowner to file a petition to intervene and be granted intervenor status in order to participate at the trial court level.

However, when a Board issues an order **granting** a property owner's request for land-use relief, an objecting, adjoining landowner – assuming that the objector is "directly affected" by the grant – need only obtain party status before the Board and sufficiently participate in the proceedings in order to have standing to appeal to the trial court. *Thompson v. Zoning Hearing Board of Horsham Township*, 963 A.2d 622, 624-25 (Pa. Cmwlth. 2009); *Orie v. Zoning Hearing Board of the Borough of Beaver*, 767 A.2d 623, 624-25 (Pa. Cmwlth. 2001). In this scenario, there is, in essence, no person or entity to act as the appellant because the Board and the property owner who was granted the land-use relief will not be filing an appeal. Accordingly, our law permits an objecting, adjoining landowner

to file an appeal from the Board's decision and be afforded party status before the trial court without having to file a petition to intervene.

As noted, Sulla appeals from the Board's orders upholding the enforcement notices against the Lescinskys and denying the Lescinskys' request for a variance. Because Sulla failed to file a petition to intervene with the trial court, she lacked standing to advance arguments or otherwise participate before the trial court. Nonetheless, it is not always necessary for an objecting, adjoining landowner to file a petition to intervene with the trial court, especially in cases where the Board grants a property owner's request for land-use relief and the objector participates in the proceedings as a party-opponent.

With these observations being stated, I respectfully concur in the result reached by the Majority.

_____
PATRICIA A. McCULLOUGH, Judge