Darin Bielby                                          :
                                                      :
                    v.                                :
                                                      :
Zoning Board of Adjustment of the                     :
City of Philadelphia and Carla Willard,               :
Connie Winters, Michael Ramos,                        :
Susan Wright                                           :
                                                      :
Appeal of: Carla Willard, Connie                      :
Winters, Michael Ramos, Susan                         :    No.  1843 C.D. 2019
Wright                                                 :    Argued:  June 10, 2021


BEFORE:    HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                        FILED:  July 6, 2021


          Carla Willard, Connie Winters, Michael Ramos and Susan Wright

(collectively, Appellants) appeal from the Philadelphia County Common Pleas

Court's (trial court) November 21, 2019 order affirming in part, and reversing in

part, the City of Philadelphia (City), Zoning Board of Adjustment's (ZBA) October

4, 2017 decision.  Appellants present five issues for this Court's review: (1) whether

the trial court's order denying Appellants' motion to intervene was barred by a prior

trial court judge's order granting Appellants leave to amend their praecipe to

intervene; (2) whether this case is moot because ownership of the property at issue

changed on October 2, 2019; (3) whether this matter should be remanded to the ZBA

to issue findings of fact and conclusions of law; (4) whether a portion of the ZBA's

vote which lacks the concurrence of three members can be legally binding, while

other portions are declared invalid; and (5) whether the trial court's decision to strike

the proviso is supported by substantial evidence.[1]  After review, this Court affirms in part and reverses in part.

## Background

On May 30, 2017, Darin Bielby (Applicant)[2] applied to the City's Department of Licenses and Inspections (L&I) for a zoning use registration permit to renovate 224-230 West Tulpehocken Street (Property).  Applicant sought to convert a former nursing home located on the Property into a mixed-use building with 14 residential units, add a commercial space, erect a second story along Pastorius Street, and add 21 accessory parking spaces (Application).  On June 20, 2017, L&I denied the Application because, *inter alia*, the proposed multi-family use was not permitted in the Property's residential single-family detached zoning district, the proposed accessory parking was not permitted in the required front set-back from Pastorius Street, and mandatory landscaping and buffers were not proposed for the accessory parking.

Applicant appealed to the ZBA on July 14, 2017.  Thereafter, Applicant revised his plan to address concerns raised at registered community organization meetings by removing two parking spaces, relocating five proposed new parking spaces along Pastorius Street to the interior lot, and adding landscaped areas to the remaining proposed parking spaces along Pastorius Street.  Applicant also withdrew his request for a commercial use variance and changed that space to a common area for tenants.  The ZBA held a hearing on October 4, 2017, at which it approved the

---

[1] This Court has changed the order of the issues presented for ease of discussion.

[2] On April 9, 2021, this Court granted Tulpehocken Mansion, LLC's unopposed Application to Substitute Appellee Property Owner from Darin Bielby to Tulpehocken Mansion, LLC.  Therefore, for any actions occurring after April 9, 2021, "Applicant" refers to Tulpehocken Mansion, LLC.

variances subject to a proviso restricting parking and additional curb cuts on Pastorius Street. The ZBA's October 13, 2017 Notice of Decision contained a proviso stating no parking on Pastorius Street and curb cut on Tulpehocken Street only.[3] On October 13, 2017, Applicant filed a motion for reconsideration of the proviso with the ZBA. On October 17, 2017, Appellants filed a motion for reconsideration with the ZBA seeking an enforceable proviso forbidding ingress and egress to the Property from the existing Pastorius Street driveway, and reconsideration of whether Applicant established a hardship to justify the subject variances.

On November 1, 2017, the ZBA vacated its October 13, 2017 Notice of Decision and issued a new decision without granting either request for reconsideration. The November 1, 2017 Notice of Decision approved the variances but with a new proviso stating, entry curb cut for emergency vehicles only, no ingress/egress from Pastorius Street and existing curb cut to be removed or physical barrier erected.[4] On November 3, 2017, Applicant appealed from the ZBA's October 4, 2017 decision to the trial court. On November 20, 2017, Applicant appealed from the ZBA's November 1, 2017 decision to the trial court. On November 22, 2017, Appellants filed a request with the ZBA for reconsideration of its November 1, 2017 proviso and modification of the variances. On November 29, 2017, the ZBA granted Appellants' request for reconsideration and rehearing, but did not schedule a hearing due to Applicant's appeals to the trial court.

On December 1, 2017, Appellants filed cross-appeals to Applicant's appeals to the trial court. On December 29, 2017, Applicant filed a Motion to Consolidate, Enjoin, Quash and/or Strike, Sanction, Recuse and/or Disqualify. Specifically, Applicant asked the trial court to quash or strike Appellants' entry of

_____

[3] The October 4, 2017 decision was mailed on October 13, 2017.
[4] The November 1, 2017 decision was mailed on November 10, 2017.

appearances and cross-appeals, and to impose sanctions against Appellants' counsel for untimely filing an appeal from the ZBA decision. On January 17, 2018, Appellants filed a Motion for Leave to Correct Caption of Praecipe to Intervene, requesting the trial court to treat the Notice of Cross-Appeal as a Praecipe to Intervene.

On March 13, 2018, the trial court denied Applicant's motion for sanctions, but granted Applicant's motion to consolidate and request to strike or quash Appellants' cross-appeals without prejudice to allow Appellants to file a Praecipe to Intervene. The trial court also granted Appellants' Motion for Leave to Correct Caption, in part, to allow Appellants leave to amend the Notice of Cross-Appeal and refile as a Praecipe to Intervene. On March 15, 2018, Appellants filed an Amended Praecipe to Intervene.

On July 18, 2018, the trial court heard oral argument and ordered a hearing *de novo* on the ZBA's October 4, 2017 proviso only. On August 10, 2018, the trial court issued an order scheduling the *de novo* hearing for August 22, 2018, and directing all parties to file witness lists by August 17, 2018. On August 14, 2018, Appellants appealed from the trial court's August 10, 2018 order to this Court. On August 15, 2018, the trial court ordered Appellants to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Appellants timely filed their Rule 1925(b) Statement.

On August 22, 2018, the trial court held a *de novo* hearing limited to only the evidence Applicant presented to the ZBA on October 4, 2017. The trial court granted Applicant's motion to preclude Appellants from presenting witnesses at the hearing because they failed to file a witness list as the trial court ordered. On August 27, 2018, Appellants filed post-trial motions requesting the trial court to

4

reopen the record and order a new trial on the basis of newly discovered evidence and adverse precedent.

On October 1, 2018, the trial court affirmed the ZBA's October 4, 2017 decision granting the variances, but reversed the proviso, declared that all ZBA actions after October 4, 2017, were null and void, struck Appellants' intervention and denied Applicant's request for monetary sanctions. On October 4, 2018, the trial court filed its opinion. On October 5, 2018, the trial court denied Appellants' post-trial motions. On October 10, 2018, Appellants appealed from the trial court's October 1, 2018 order to this Court. On October 16, 2018, the trial court ordered Appellants to file a Rule 1925(b) Statement. On October 23, 2018, Appellants filed an Application for Stay or Supersedeas Pending Appeal (Application for Stay) and Consolidation of Appeals (Application to Consolidate). By October 25, 2018 Order, this Court denied Appellants' Application for Stay without prejudice. On November 6, 2018, Appellants filed their Rule 1925(b) Statement. By November 28, 2018 Order, this Court granted Appellants' Application to Consolidate.

On December 28, 2018, Appellants filed a second application for a limited stay of that portion of the trial court's order reversing the ZBA's proviso pending appeal (Second Stay Application) and dismissing Appellants' intervention for lack of standing. By January 25, 2019 Order, this Court scheduled a hearing on Appellants' Second Stay Application. On February 19, 2019, the trial court filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) opinion). On March 21, 2019, this Court denied Appellants' Second Stay Application. On October 10, 2019, because this Court determined that the trial court erred in granting a *de novo* hearing, this Court vacated the trial court's October 1, 2018 order and remanded the matter to the trial court to address Applicant's 2017 appeals based on the ZBA's record. *See Bielby v. Zoning Bd. of Adjustment of City of Phila.* (Pa. Cmwlth. Nos. 1177, 1419, 1420 C.D. 2018, filed Oct. 10, 2019) (*Bielby I*).

5

On November 21, 2019, the trial court held a remand hearing and issued an order affirming in part, and reversing in part, the ZBA's October 4, 2017 decision. Specifically, the trial court affirmed the ZBA's grant of variances, and reversed the proviso regarding no parking on Pastorius Street, parking curb cut on Tulpehocken Street only. The trial court further declared that all ZBA actions in this matter after October 4, 2017, were null and void. On December 17, 2019, Appellants appealed from the trial court's order to this Court.[5] On January 6, 2020, the trial court ordered Appellants to file a Rule 1925(b) Statement. On January 24, 2020, Appellants filed their Rule 1925(b) Statement. On August 21, 2020, the trial court filed its Rule 1925(a) opinion. On October 12, 2020, Appellants filed an Application to Quash Applicant's Two Zoning Appeals as Moot (Application to Quash). By December 11, 2020 Order, this Court directed that Appellants' Application to Quash be listed for disposition with the merits of the appeal. On April 9, 2021, this Court granted Tulpehocken Mansion, LLC's unopposed Application to Substitute Appellee Property Owner from Darin Bielby to Tulpehocken Mansion, LLC.

## Discussion

### Praecipe to Intervene

Appellants argue that the trial court's reversal of the first trial court judge's order granting Appellants intervenor status violated the law of the case. Applicant rejoins that although Appellants included argument on the issue of their

---

[5] Where the parties present no additional evidence, "our review is limited to determining whether the ZBA committed an abuse of discretion or an error of law." *Soc'y Hill Civic Ass'n v. Phila. Zoning Bd. of Adjustment*, 42 A.3d 1178, 1185 n.2 (Pa. Cmwlth. 2012).

intervention in their brief, Appellants failed to raise the issue in their Rule 1925(b) Statement; therefore, Appellants waived this argument.

Preliminarily, Applicant's claim that Appellants waived this argument by failing to include it in their Rule 1925(b) Statement is meritless as Appellants raised the issue at the earliest point. The trial court struck Appellants' intervention in its October 1, 2018 order. *See* Reproduced Record (R.R.) at 632a. However, this Court vacated the trial court's October 1, 2018 order.[6] *See Bielby I*. The trial court did not address Appellants' intervention in its November 21, 2019 order. Rather, the trial court declared in its August 21, 2020 Rule 1925(a) opinion: "th[e trial c]ourt properly struck [Appellants'] intervention." R.R. at 689a. Because Appellants filed their Rule 1925(b) Statement on January 24, 2020, their brief was the earliest point Appellants could have raised this issue. Accordingly, this Court will address the issue of Appellants' intervention.[7]

Philadelphia Rule of Civil Procedure No. 320, entitled "Appeals from State and Local Agencies," provides in relevant part:

> **(C) Procedure on Appeal**. The Supervising Judge shall publish a standing case management order for each agency whose determinations are appealed on a regular basis ("agency-specific orders"). For agencies whose determinations are seldom appealed, **the Supervising Judge shall publish a standing order of a generic nature**. **The Office of Judicial Records shall provide appellant(s) with an agency-specific (or generic) standing order whenever a notice of appeal is filed**. Every appeal (and matter ancillary thereto) shall be governed by the aforesaid standing order and any

---

[6] This Court specifically stated: "Given this determination, the Court does not reach [Appellants'] standing to intervene issue." *Bielby I*, slip op. at 12 n.14.

[7] It appears that the trial court did not strike Appellants' intervention until over 30 days after the entry of its order. Notwithstanding, this Court will address the issue of Appellants' intervention because it affects the jurisdiction of this Court to hear the appeal in the first instance. *See Lescinsky v. Twp. of Covington Zoning Hearing Bd.*, 123 A.3d 379 (Pa. Cmwlth. 2015) (appeal quashed for improper intervention in a land use appeal).

7

supplemental order, which may be issued by the Supervising Judge.

. . . .

**(E) Parties**.

(a) **The following persons shall be deemed parties** opposed to the appeal unless they opt out by filing a praecipe with the Office of Judicial Records within 60 days of service of the Notice of Appeal:

(1) the person(s) who initiated the proceedings before the agency below;

(2) the City of Philadelphia, but only in appeals involving local agencies;

. . . .

(b) **Others may obtain party status by intervening in accordance with the procedures set forth in the standing order**.

PHILA. CIV. R. 320 (text emphasis added).

Here, the Case Management Order (CMO) directed, in relevant part:

**2. Intervenors**: Any party who entered an appearance before the [ZBA] has a right to intervene in this appeal by filing a Praecipe to Intervene with the Office of Judicial Records and serving it on all other parties within thirty (30) days of receipt of this notice.

Original Record Vol. 5 at 23.[8]  The CMO was issued on November 6, 2017.  *Id.*

It is uncontested that Appellants entered an appearance before the ZBA. Further, there is no dispute that Appellants filed their Notice of Cross-Appeals on December 1, 2017, which was within 30 days of the CMO's issuance.  *See* R.R. at 528a-529a, 534a-535a.  On December 29, 2017, Applicant filed, *inter alia*, a Motion

---

[8] Because the pages of the trial court's original record are not numbered, the page numbers referenced herein reflect electronic pagination.

8

to Quash and/or Strike Appellants' Cross-Appeals. On January 17, 2018, Appellants filed a Motion for Leave to Correct Caption of Praecipe to Intervene, requesting the trial court to treat each Notice of Cross-Appeal as a Praecipe to Intervene. On March 13, 2018, the first trial court judge granted Applicant's request to strike or quash Appellants' cross-appeals without prejudice to allow Appellants to file a Praecipe to Intervene. The first trial court judge also granted Appellants' Motion for Leave to Correct Caption, in part, to allow Appellants leave to amend each Notice of Cross-Appeal and refile as a Praecipe to Intervene. On March 15, 2018, Appellants filed an Amended Praecipe to Intervene.

The trial court opined:

After this matter was transferred to [the second trial court judge], it became clear that [the first trial court judge's o]rder [was] clearly erroneous. A Notice of Appeal allows a party to challenge a decision of an administrative agency, such as the [ZBA], to a higher court and, a Praecipe to Intervene allows persons "who entered an appearance before the [ZBA]" the right to intervene as parties to an appeal "by filing a Praecipe to Intervene with the Office of Judicial Records and serving it on all other parties within thirty (30) days of receipt of this [CMO.]"[] The filings are distinct, are filed at different times and serve different purposes. [Appellants'] assertion that a filing to challenge portions of the ZBA's final decision is "substantially identical to a typical Praecipe to Intervene" is unreasonable. [Appellants] have asked th[e trial c]ourt to absolve their failure to file a timely appeal, failure to file a Praecipe to Intervene within thirty (30) days of service of the [CMO], and failure to otherwise properly obtain party status by belatedly allowing them to file a Praecipe to Intervene well after the thirty[-]day deadline had passed under the guise of "amending" a caption.

Further, the [first trial court judge's] erroneous holding would result in a manifest injustice. [Appellants] have not filed the required documents, therefore they have not preserved an opportunity to intervene or appeal in this matter. Allowing these non-parties to delay this process

9

has already prejudiced [Applicant]. Allowing [Appellants] to continue in this matter would result in a manifest injustice, therefore th[e trial c]ourt properly struck their intervention.[9]

R.R. at 688a-689a (footnotes omitted).

Rule 105(a) provides:

**Liberal construction and modification of rules**. - The[] [R]ules [of Appellate Procedure] shall be liberally construed to secure the just, speedy, and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good cause shown, an appellate court may, except as otherwise provided in paragraph (b) of this rule [(relating to enlargement of time)], disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

Pa.R.A.P. 105(a).

Similarly, with respect to the Rules of Civil Procedure, the Pennsylvania Supreme Court has long held: "In the interest of justice, our civil procedural rules must be liberally construed. Form must not be exalted over substance, and procedural errors must not be dispositive where there has been substantial compliance with the rules and no prejudice has resulted from purely technical error." *In re Tax Claim Bureau, German Twp., Mt. Sterling 54 ½ Acres, Miscellaneous Bldgs.*, 436 A.2d 144, 146 (Pa. 1981). "The Rules of Civil Procedure are not ends in themselves, but are designed to insure the fair, orderly and expeditious administration of justice; pleading is not intended to be a game of skill in which 'one misstep by counsel may be decisive to the outcome.'" *Id*. (quoting

---

[9] The trial court also declared: "[E]ven if [Appellants] had properly become parties in this matter, they do not have standing to participate in these appeals." R.R. at 689a. However, the issue before this Court is whether the first trial court judge properly permitted Appellants to intervene in Applicant's appeals from the ZBA's decision, not whether Appellants have standing to appeal from the ZBA's decision.

*Foman v. Davis*, 371 U.S. 178, 181-82, (1962)). "Questions of intervention are within the discretion of the trial court." *Acorn Dev. Corp. v. Zoning Hearing Bd. of Upper Merion Twp.*, 523 A.2d 436, 437 (Pa. Cmwlth. 1987).

Here, Appellants filed their Notice of Cross-Appeals within the required time period to file a Praecipe to Intervene. Clearly, Appellants incorrectly titled the pleading; however, because "there ha[d] been substantial compliance with the rule[] and no prejudice [] resulted from [the] purely technical error[,]" this Court cannot hold that the first trial court judge abused her discretion in granting Appellants' Motion for Leave to Correct Caption to allow Appellants leave to amend the Notice of Cross-Appeal and refile as a Praecipe to Intervene. *In re Tax Claim Bureau*, 436 A.2d at 146.

Under Pennsylvania law, the second trial court judge is bound by the holding of a judge of coordinate jurisdiction when the prior holding is not clearly erroneous and would not result in a manifest injustice. *Zane v. Friends Hosp.*, 836 A.2d 25 (Pa. 2003). Given the above, there is no record evidence that the first trial court judge's holding was clearly erroneous or resulted in a manifest injustice. Consequently, the second trial court judge was bound by the holding of the first trial court judge. Accordingly, this Court reverses the trial court's order striking Appellants' intervention.

**Application to Quash**

Appellants argue that Applicant's appeals to the trial court should be quashed as moot because Tulpehocken Mansion, LLC acquired the Property from Darin Bielby by deed executed on October 2, 2019, and recorded on October 11, 2019, but did not file a Petition to Intervene nor a Petition to Substitute Party when the matter was remanded to the trial court. Appellants cite *Siloam v. City of Philadelphia, Board of License and Inspection Review*, 79 A.3d 1257 (Pa. Cmwlth.

11

2013), to support their position. Applicant rejoins that under Pennsylvania law, transferring legal ownership of a property does not invalidate a previously approved zoning variance. Further, Applicant asserts that *Siloam* is inapposite.

In *Siloam*, Siloam,[10] a property owner, filed an appeal to the Philadelphia County Common Pleas Court (Common Pleas)[11] from the City's denial of its request to demolish a church that stood on its property due to hardship. During the pendency of the appeal to Common Pleas, Siloam sold the property to an unrelated third party. Common Pleas reversed the denial, and the City appealed to this Court. This Court, *sua sponte*, determined that Siloam's transfer of the property during the pendency of *its* appeal rendered its claim of hardship moot and, therefore, denied its request for relief.

Determinative to the issue before the Court was the fact that the original request to demolish was denied in part because although Siloam's executive director testified that it could not sell the church, the Board credited the City's witnesses' testimony criticizing Siloam's attempts to sell the church. Common Pleas reversed, determining, *inter alia*, that Siloam had taken sufficient steps to sell the church. Clearly, the fact that Siloam sold the church during the pendency of the appeal mooted the issue of whether Siloam was suffering a hardship because it could not sell the church.

Here, the ZBA granted Applicant's requested variances and Applicant appealed from the proviso thereto. The fact that the Property was sold during the pendency of the appeal does not moot the issue of whether the proviso was properly issued. Consequently, *Siloam* is inapposite. Further, variances run with the land, not with the property owner. *Scalise v. Zoning Hearing Bd. of Borough of W. Mifflin*,

---

[10] Siloam is a nondenominational provider of services to individuals impacted by HIV/AIDS.

[11] This Court refers to the Philadelphia County Common Pleas Court as Common Pleas to distinguish it from the trial court herein.

756 A.2d 163 (Pa. Cmwlth. 2000); *see also Broadway Penn Mut. Off. Fee L.P. v. Zoning Bd. of Adjustment of City of Phila.* (Pa. Cmwlth. Nos. 2804-2806 C.D. 2010, filed Apr. 18, 2012).[12] Accordingly, Appellants' Motion to Quash is denied.

**Remand**

Appellants argue that a remand to the ZBA is required because the ZBA did not issue findings of fact and conclusions of law as mandated by Sections 754(b) and 555 of the Local Agency Law, 2 Pa.C.S. §§ 754(b), 555. Applicant rejoins that the trial court is only required to remand to the ZBA when the record is incomplete. Applicant declares that, as held by this Court, the record was complete; thus, a remand is not required.

Section 754(b) of the Local Agency Law provides, in relevant part: "In the event a full and complete record of the proceedings before the local agency was made, the court shall hear the appeal without a jury on the record certified by the agency." 2 Pa.C.S. § 754(b). Section 555 of the Local Agency Law states: "All adjudications of a local agency shall be in writing, shall contain findings and the reasons for the adjudication, and shall be served upon all parties or their counsel personally, or by mail." 2 Pa.C.S. § 555.

In *Bielby I*, this Court determined that the ZBA's record was complete, reasoning:

> This Court has defined a 'full and complete record' as 'a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal and, also, that the appellate court is given a sufficient record upon

---

[12] Pursuant to Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported panel decision of this Court issued after January 15, 2008, may be cited for its persuasive value, but not as binding precedent.

which to rule on the questions presented.' *In re Thompson*, 896 A.2d 659, 668 (Pa. Cmwlth. 2006) . . . (citations omitted). . . .

*Kuziak v. Borough of Danville*, 125 A.3d 470, 475 (Pa. Cmwlth. 2015). "Situations in which a record has been deemed incomplete include such instances where the record fails to contain a transcript of the proceedings before the local agency, or where a party refuses to provide relevant and necessary documentation to the local agency[.]" *Id*. (citation omitted).

Here, the ZBA filed a "CERTIFICATION OF INCOMPLETE RECORD" on April 16, 2018, which stated:

> I am the Administrator of the [ZBA] and am authorized to make this Certification of Incomplete Record on its behalf. I certify that the attached constitutes the [ZBA's] official record of the proceedings that have occurred to date in this matter. However, because there is no final, appealable decision by the [ZBA], the record cannot be certified as complete.

[R.R.] at 603a. Clearly, the ZBA certified its record as incomplete because it granted reconsideration of its November 1, 2017 decision. However, . . . the ZBA was not authorized to grant reconsideration. Thus, because the Certification of Incomplete Record states: "the attached constitutes the [ZBA's] official record of the proceedings that have occurred to date in this matter[,]" R.R. at 603a, and included *inter alia*, the transcript of the ZBA's October 4, 2017 hearing, for purposes of Section 754(a) of the Local Agency Law, the record was complete.

*Bielby I*, slip op. at 11.

> As to the requirements for written findings, the Court in *Gruzinski v. Department of Public Welfare*, 731 A.2d 246, 252[] n.15 (Pa. Cmwlth. 1999), explained that when a fact finder in an administrative proceeding is required to state findings in an adjudication[,] the fact finder must include all findings necessary to resolve the issues. However, the presence of written findings "goes to the reviewability of an adjudication, not to its validity." *Madeja v. Whitehall* [*Twp.*], . . . 457 A.2d 603, 606-[]07 ([Pa. Cmwlth.] 1983).

14

> [Here, t]he [ZBA] filed its findings with the trial court, which was made aware of the [] facts supporting the [ZBA's] decision.

*Merlino v. Phila. Bd. of Pensions & Ret.*, 916 A.2d 1231, 1236-37 (Pa. Cmwlth. 2007). Specifically, the ZBA filed its findings of fact and conclusions of law with the trial court on March 26, 2018. *See* R.R. at 449a-465a. Accordingly, because the ZBA's record is complete and the ZBA filed findings of fact and conclusions of law, a remand to the ZBA is not warranted.

**Variances**

Appellants argue that the trial court erred by affirming the ZBA's grant of the variances as a valid and binding final decision while simultaneously ruling that the ZBA failed to reach concurrence on the language of the conditions to be attached to that grant of variances. Appellants contend that the lack of concurrence invalidated the entirety of the ZBA's October 4, 2017 vote to grant the use variances with conditions, and the trial court's ruling to the contrary was a clear error of law.

Applicant rejoins that contrary to Appellants' assertion, the proviso was the *only* portion of the ZBA's decision that was adverse to Applicant and, as such, the only issue on review before the trial court. *See ACS Enters., Inc. v. Norristown Borough Zoning Hearing Bd.*, 659 A.2d 651, 653 (Pa. Cmwlth. 1995) (where a party appeals from a decision of an administrative proceeding, the scope of the appeal is limited to a review of the parts of the decision adverse to the appellant). Applicant asserts that the trial court's review was limited in scope to whether the proviso was supported by facts in the underlying ZBA record. *See id*.

This Court agrees with Applicant's statements and the limited issue. This Court expressly "remand[ed] the matter to the trial court to address **Applicant's** appeals based on the ZBA's record." *Bielby I*, slip op. at 12 (emphasis added). Further, at the remand hearing, Applicant's counsel accurately stated:

15

> We are here on remand from the Commonwealth Court to address, really, one issue, and that is whether the proviso that was issued by the [ZBA] on October 4[, 2017,] was reasonable or related to a valid zoning interest. And it is my client's appeal of that proviso that is the sole issue before Your Honor.

R.R. at 716a. Accordingly, as the ZBA's grant of the variances was not before the trial court, it is not before this Court and will not be considered.

**Proviso**

Appellants argue that the trial court's decision to strike rather than correct the proviso had absolutely no basis in law nor any support in the record, and its failure to remand the matter to the ZBA for the agency to correct the errors after holding a new hearing was a clear abuse of discretion. Applicant rejoins that the trial court acted within its authority to strike the proviso in its entirety.

In arguing whether the trial court abused its discretion or acted within its authority, both parties misconstrue this Court's standard of review. As stated *supra*, where the parties present no additional evidence, this Court's review is limited to determining whether the ZBA, not the trial court, committed an abuse of discretion or an error of law. *See supra* note 2, at 6. Consequently, this Court will review the ZBA's October 4, 2017 decision to determine whether the ZBA abused its discretion or erred by issuing the proviso upon which the ZBA conditioned the variances.

At the outset, the proviso at issue states: "**NO PARKING ON PASTORIA** [SIC]**, CURB CUT ON TULPEHOCKEN ONLY**[.]" R.R. at 441a. At the conclusion of the October 4, 2017 ZBA hearing, the following exchange occurred:

> [ZBA CHAIRPERSON] MR. [FRANK] DICICCO [(DICICCO)]: All right Calendar Number 3 31139, 224-230 West Tulpehocken. My vote is yes with the following

16

proviso[:] **No parking on Pastorius Street**, **parking curb cut on Tulpehocken Street only**.

[ZBA MEMBER] MR. [CONFESOR] PLAZA [(PLAZA)]: Yes[,] with proviso.

[ZBA MEMBER] MR. [THOMAS] HOLLOMAN [(HOLLOMAN)]: Yes[,] with proviso.

. . . .

[COUNSEL]: **And you do understand the part of this that there already is a curb cut on Pastorius**[?] You're saying --

[] DICICCO: **No additional curb cuts on Pastorius**.

[COUNSEL]: **As long as we're clear**. And we'll get you the revised plans. Thank you.

R.R. at 64a-65a (emphasis added). Accordingly, there is no doubt that the ZBA's proviso was intended to prohibit **additional** curb cuts on Pastorius Street.

This Court must determine whether the ZBA erred or abused its discretion by conditioning the variances with the above proviso. The ZBA's relevant Findings of Fact are as follows:

> 22. [Applicant's project architect Marc] Pinard [(Pinard) testified,] the project included proposed parking "along Pastorius [Street] in front of all of the units that front there" as well as parking for "the tenants who need to walk to their units along the west side of the [P]roperty." He said additional curb cuts were proposed "along Pastorius [Street] to accommodate all of that parking." [R.R. at 17a,] 10/04/[20]17 [Notes of Testimony (]N.T.[)] at [6].
>
> . . . .
>
> 51. **At several points in [the] hearing, the [ZBA] questioned whether the parking and curb cuts proposed for Pastorius Street were necessary and whether some alternative approach was possible**.
>
> 52. . . . Plaza said the [ZBA] was "concerned about the frontage on Pastorius [Street] having such a big - it's like

17

over 200 linear feet of curb cut." He asked if [Applicant] could "reduce that by putting the parking in the rear." [R.R. at 34a,] 10/04/[20]17 N.T. at 23.

53. . . . DiCicco expressed agreement with [] Plaza, stating: ["]My colleague . . . raises a good point. It's a couple hundred linear feet of curb cut, that's excessive. It does look like a motel. And it's going to act like a motel.["] [R.R. at 39a,] 10/04/[20]17 N.T. at 28.

54. City Planning Commission representative Ronald **Bednar testified** that his agency had "**no objection to the granting of the multi-family use**, **provided that one curb cut only from Tulpehocken**, **with no parking on Pastorius** [**Street**]." [R.R. at 58a, 63a,] 10/04/[20]17 N.T. at 47, 52.

55. **After receiving the Planning Commission's recommendation**, [] **DiCicco asked** [**Applicant's**] **architect if there was** "**a way of doing that**?" [] **Pinard replied**: ["]**Certainly**. I can't argue that there is not room here for as many cars as we want. We're trying to avoid changing the appearance of yard and green space.["] [R.R. at 58a,] 10/04/[20]17 N.T. at 47.

56. [Counsel] added:

> . . . we're adding additional parking to provide off-street parking for the dwellers of this [sic]. And that will be part of their rent. If the solution is that you say that we don't have to provide that parking, well then that will be your decision. And we would abide by it. And then the people who would have been parking there will then park on Tulpehocken [Street].

[R.R. at 59a,] 10/04/[20]17 N.T. at 48.

57. [Counsel] said "**if the Board wants to impose the condition that says that there's no parking on Pastorius** [**Street**], **I think that is something we would be interested in having voted as long as my client agrees**." [R.R. at 60a-61a,] 10/04/[20]17 N.T. at 49-50.

58. [Counsel] then called [Applicant] to testify regarding the proposed parking.

R.R. at 452a, 456a-457a (emphasis added).

Moreover, DiCicco expressly asked Counsel:

So **we can either vote this up or down**, **or we can vote it with a proviso that's been suggested by the Planning Commission**, **or**, this is a question for you, Counselor, and your clients and the architect, can **you go back and see if there's a way in which you can get some of the relief that the community is asking for**?

We would be willing to hold that. You may not come to a decision -

R.R. at 60a (N.T. at 49) (emphasis added). Counsel replied: "So what I would suggest is . . . - I think if the [ZBA] wants to impose the condition that says that there's no parking on Pastorius [Street], I think that is something we would be interested in having voted, as long as my client agrees." R.R. at 60a-61a (N.T. at 49-50). A review of the record reveals that Applicant did not object thereto. Consequently, this Court cannot hold that the ZBA erred or abused its discretion by issuing the proviso upon which the ZBA conditioned the variances. Accordingly, the trial court's ruling striking the proviso is reversed.

## Conclusion

For all of the above reasons, the portion of the trial court's order affirming the ZBA's grant of the variances is affirmed, and the portions of the trial court's order striking Appellants' intervention and striking the proviso upon which the variances are conditioned are reversed.

_____
ANNE E. COVEY, Judge

Judges Cohn Jubelirer and Fizzano Cannon did not participate in the decision in this case.

19

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Darin Bielby                                             :
                                                        :
        v.                     :
                                                        :
Zoning Board of Adjustment of the                       :
City of Philadelphia and Carla Willard,                 :
Connie Winters, Michael Ramos,                          :
Susan Wright                                            :
                                                        :
Appeal of: Carla Willard, Connie                        :
Winters, Michael Ramos, Susan                           :    No.  1843 C.D. 2019
Wright                                                  :

# O R D E R

      AND NOW, this 6th day of July, 2021, Carla Willard, Connie Winters, Michael Ramos and Susan Wright's (Collectively, Appellants) Application to Quash Bielby's Two Zoning Appeals as Moot is DENIED.  The Philadelphia County Common Pleas Court's (trial court) November 21, 2019 order is affirmed in part and reversed in part.  The portion of the trial court's order affirming the Zoning Board of Adjustment of the City of Philadelphia's grant of the variances is AFFIRMED. The portions of the trial court's order striking Appellants' intervention and striking the proviso upon which the variances are conditioned are REVERSED.

_____
ANNE E. COVEY, Judge
