J-A13003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROMAN J. KOROPEY, LTD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VASILIOS J. KALOGREDIS AND LAMB MCERLANE, PC | : | |
| | : | |
| | : | No. 2113 EDA 2021 |
| v. | : | |
| | : | |
| | : | |
| STEPHANIE P. KALOGREDIS, | : | |
| | : | |
| Intervenor | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: VASILIOS J. KALOGREDIS, LAMB MCERLANE, PC, AND STEPHANIE P. KALOGREDIS | : | |

Appeal from the Order Entered August 31, 2021
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2019-27903

BEFORE:   DUBOW, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED SEPTEMBER 21, 2022**

Appellants, Stephanie P. Kalogredis and Lamb McErlane, PC (collectively

"Appellants"), appeal from the Order entered on August 31, 2021, denying

_____

[*] Retired Senior Judge assigned to the Superior Court.

Kalogredis' motion for protective order.[1,2] After careful review, we remand for further proceedings consistent with this memorandum.

We derive the following factual and procedural history from the trial court opinion and certified record. In 2000, Kalogredis signed an employment agreement to work as an attorney for Appellee Roman J. Koropey, Ltd. ("RJK"), a law firm. In 2008, RJK entered a practice agreement with Lamb McErlane, another law firm.[3]

According to RJK, in 2017, Kalogredis violated her employment agreement by facilitating the referral of a legal issue to Lamb McErlane rather than RJK. As a result, in 2019, RJK terminated Kalogredis' employment. Later

---

[1] Vasilios J. Kalogredis is also an appellant in the instant action. For ease of analysis and because Vasilios Kalogredis' interests align with that of Appellant Lamb McErlane, we refer to these Appellants together as "Lamb McErlane." Also, when we refer to "Kalogredis," we are referring solely to Stephanie Kalogredis.

Additionally, we note that the present litigation has become particularly contentious, with the parties exchanging unnecessary barbs in court filings. We remind the parties of the Code of Civility and emphasize that personal attacks are ineffective means of advocacy.

[2] Kalogredis styled her filing as an "emergency petition" to preclude discovery. We have recharacterized it as a motion because it requests relief in the form of a protective order and "any application to the court for an order made in any civil action or proceeding" is properly made as a motion. Pa.R.C.P. 208.1(a). *C.f.* Pa.R.C.P. 206.1(a)(1) (explaining that "'petition' means [] an application to strike and/or open a default judgment or a judgment of *non pros*").

[3] The substance of the practice agreement is not relevant to the instant appeal.

that year, Lamb McErlane hired Kalogredis as an attorney. Lamb McErlane subsequently terminated its practice agreement with RJK.

Between July 18, 2019, and December 4, 2020, Kalogredis exchanged a series of emails with her private attorney, Christopher Ezold, about her transition from RJK to Lamb McErlane. Kalogredis used her Lamb McErlane email address to send and receive these emails.

On November 29, 2019, RJK filed the underlying lawsuit against Lamb McErlane alleging breach of contract and contractual interference. Kalogredis is not a party to the lawsuit.

On June 26, 2020, RJK served discovery requests on Lamb McErlane requesting, *inter alia*, all communications relating to Kalogredis' transfer of client files from RJK to Lamb McErlane. In response, Lamb McErlane provided RJK over 1,000 documents, including heavily redacted versions of the emails Kalogredis exchanged with Attorney Ezold.[4] On December 15, 2020, RJK filed a motion for sanctions against Lamb McErlane for, *inter alia*, providing redacted documents without a privilege log.

On July 27, 2021, the trial court held a hearing on RJK's motion. At that hearing, the parties reached an agreement on the outstanding discovery. As

---

[4] As explained *infra*, Kalogredis has asserted that she redacted these emails and provided them to Lamb McErlane, for Lamb McErlane to then provide to RJK. N.T. Hearing, 8/9/21, at 4-5. Lamb McErlane alleges that it does not possess unredacted copies of the emails. **Id.** at 19. RJK asserts that Lamb McErlane has independent access to Kalogredis' unredacted emails through its email server. **See** RJK's Br. at 6. Possession of and access to the emails, and the implication of Kalogredis' assertion of privilege, are issues to be resolved by the trial court on remand.

a result, the court entered a stipulated order which required Lamb McErlane to, *inter alia*, provide to RJK unredacted versions of Kalogredis' emails.

On August 2, 2021, Kalogredis filed what she captioned a "Notice of Intervention" and a separate motion for protective order requesting that the trial court preclude discovery of her unredacted emails. Kalogredis asserted that the emails were protected by the attorney-client privilege and work-product doctrine.

On August 9, 2021, the trial court held a hearing on Kalogredis' motion. At the hearing, Kalogredis requested that the court review the subject emails *in camera* and, ultimately, find them undiscoverable. RJK argued that Kalogredis' attempt to intervene in the instant litigation was improper and, therefore, she lacked standing to argue before the court. Importantly, the trial court did not conduct an *in-camera* review of the documents.

On August 31, 2021, the trial court summarily denied Kalogredis' motion. In its subsequent Rule 1925(a) opinion, the court explained that it denied Kalogredis' motion because her notice of intervention was insufficient to endow her with intervenor status and, therefore, she lacked standing to file the motion. Appellants timely filed a Notice of Appeal. The trial court did not order Appellants to file a Rule 1925(b) statement.

On appeal, Appellants assert that the trial court erred by (1) failing to review the subject emails *in camera*, and (2) denying Kalogredis' motion for protective order. Appellants' Br. at 4.

- 4 -

The issuance of a protective order lies within the sound discretion of the trial court. **Hutchinson v. Luddy**, 606 A.2d 905, 908 (Pa. Super. 1992). We will only disturb a court's decision to deny a protective order for an abuse of discretion. **Id.**[5]

Initially, we agree with the trial court that Kalogredis' notice of intervention was insufficient to grant her intervenor status.[6] We conclude, however, that the trial court erred by dismissing Kalogredis' motion based solely on her failure to intervene.

Pennsylvania Rule of Civil Procedure 4012 allows a trial court to enter a protective order to preclude discovery "[u]pon motion by a party **or by the person from whom discovery or deposition is sought**, and for good cause shown[.]" Pa.R.C.P. 4012(a) (emphasis added). Thus, by the explicit terms of

---

[5] We note that the underlying order requires production of putatively privileged documents. Generally, a discovery order compelling disclosure of potentially privileged materials is immediately appealable as collateral under Pa.R.A.P. 313. **Commonwealth v. Flor**, 136 A.3d 150, 155 (Pa. 2011).

[6] To intervene in a legal action, a person or entity must file a verified **petition** to intervene. Pa.R.C.P. 2328(a). The filing of the petition triggers the trial court to hold a hearing and rule on the propriety of intervention. Pa.R.C.P. 2329. Only after the trial court has issued an order granting intervenor status does the proposed intervenor become a party to the action. **See** Pa.R.C.P. 2330. Crucially, a **notice** of intervention "accomplishes nothing more than the provision of information; [it] requires no responsive pleading or order on the part of another party or a court." **Lescinsky v. Township of Covington Zoning Hearing Bd.**, 123 A.3d 379, 380-81 (Pa. Cmwlth. 2015) (citation omitted).

Here, Appellant's notice of intervention was not sufficient to trigger the court to hold a hearing or rule on her intervention request. As a result, the court never granted Kalogredis intervenor status.

Rule 4012, a non-party may motion the trial court for a protective order. *See*

***Red Vision Sys., Inc. v. Nat'l Real Estate Info. Servs., L.P.***, 1208 A.3d

54, 56 (Pa. Super. 2015) (reviewing appeal by "a non-party to this action"

from order "den[ying] his motion to quash subpoena and for protective

order").

Here, the underlying discovery order requires disclosure of Kalogredis'

emails and, as a result, Kalogredis was permitted by rule to file a motion for

protective order. Kalogredis' failure to obtain intervenor status, therefore, was

not dispositive of her motion for protective order and the trial court erred by

denying the motion on this basis.

Since the trial court determined that Kalogredis' failure to intervene

precluded her ability to litigate her motion, the court did not conduct an *in-

camera* review of the subject emails. "*In camera* review of disputed claims of

privilege is often necessary and appropriate." ***Berg v. Nationwide Mut. Ins.***

***Co.***, 44 A.3d 1164, 1179 (Pa. Super. 2012). Such review is specifically

contemplated by the Rules of Civil Procedure "to weed out protected material"

from discovery. Pa.R.C.P. 4003.3 cmt. This Court will remand for an *in-camera*

review where "we cannot determine on the record before us whether and to

what extent any of the privileges . . . apply here." ***T.M. v. Elwyn, Inc.***, 950

A.2d 1050, 1063 (Pa. Super. 2008) (citing ***Gocial v. Independence Blue***

***Cross***, 827 A.2d 1216, 1222 (Pa. Super. 2003)).

On this record, we cannot review whether or to what extent Kalogredis'

assertion of privilege applies. The unredacted version of the emails are, for

obvious reasons, not included in the certified record, and we have no analysis from the trial court on the application of the attorney-client privilege and work-product doctrine. We, thus, remand to the trial court for it to conduct a hearing, review the emails *in camera*, and determine if the attorney-client privilege or work-product doctrine apply. Accordingly, we vacate the trial court's August 31, 2021 order denying Kalogredis' motion for protective order and remand for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2022