Joseph Ottaviano, Appellant *v.* Society Hill Civic Association, Appellee.

Argued December 15, 1982, before Judges BLATT, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Carl S. Primavera, Presenza and DiBona Law Offices,* for appellant.

*Samuel Rappaport, Rappaport and Furman,* with him *Jill A. Douthett,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE DOYLE, April 7, 1983:

This is an appeal by Joseph Ottaviano (Petitioner) from two orders of the Court of Common

Pleas of Philadelphia County. One order denied Petitioner's motion to quash the appeal of the Society Hill Civic Association (Civic Association) from a decision of the Zoning Hearing Board of Adjustment (Board) of the City of Philadelphia (City) which granted Petitioner a variance. The other order of the common pleas court appealed here sustained the Civic Association appeal and reversed the Board.

Joseph Ottaviano is the owner of premises at 332 Delancy Street in Philadelphia. On October 17, 1979, he requested to change his property from a one family dwelling to a three family dwelling. Permission was denied and Petitioner appealed to the Board. At a public hearing before the Board, the Civic Association appeared with counsel and presented testimony against the variance. On December 20, 1979, the Board granted the variance by unanimous vote. The Civic Association filed a Petition in the court of common pleas for a writ of certiorari to the Zoning Board of Adjustment on January 18, 1980 naming Joseph Ottaviano as Defendant. On February 5, 1980, the court of common pleas directed the Prothonotary to issue a writ of certiorari. On February 11, 1980, a copy of the order directing issue of the writ was mailed to Petitioner's attorney by the Prothonotary. On February 25, 1980, notice of the appeal was sent to Petitioner by the Civic Association. Thereafter, Petitioner moved to quash the appeal, or alternatively, to require posting of bond. The motion was denied and after argument on the merits, the appeal by the Civic Association was sustained.

Petitioner urges that the court of common pleas erred in refusing to quash the appeal. We agree. Failure to strictly comply with procedural and time requirements will result in the quashing of a zoning appeal. *King Productions, Inc. v. Board of Adjust-*

*ment of the City of Pittsburgh,* 27 Pa. Commonwealth Ct. 256, 367 A.2d 322 (1976). In the case before us, the Civic Association incorrectly captioned the appeal of the Zoning Hearing Board decision. Philadelphia Code §14-1806(3) provides that the Board shall be respondent in zoning appeals; the Civic Association named Ottaviano as respondent. More importantly, the Civic Association failed to serve Petitioner with notice of the appeal until February 25, 1980. Philadelphia Civil Rule 320(A) provides in pertinent part:

> Within ten (10) days after the allowance by the Court of Common Pleas of a writ of certiorari, on petition to review a decision of the Zoning Board of Adjustment, the petitioner shall give notice in writing of the term and number of such appeal to all persons who shall have entered an appearance in writing in the proceedings before the Zoning Board of Adjustment. . . .

The writ of certiorari was issue on February 5, 1980. The Civic Association did not provide the required notice until February 25, 1980. The Civic Association clearly failed to comply with the local rule. Further, we note that the failure was not without harm to Petitioner, who, by the time he received notice of the appeal, had secured permits pursuant to the grant of the variance and begun the conversion of the premises.

Under these circumstances, it was error to refuse to quash the Civic Association appeal.

### ORDER

Now, April 7, 1983, the order of the Court of Common Pleas of Philadelphia County dated January 2, 1981, denying the petition to quash the appeal in the

above referenced matter is reversed and the order of December 31, 1981 sustaining said appeal is vacated.