640 A.2d 511

Frederick F. ZEIGLER, III and Rhonda M.
Zeigler, as individuals, Appellants,

v.

John W. KLAY and Sharon M. Klay, as individuals, and
trading and doing business as Fayette Springs Farm.

Commonwealth Court of Pennsylvania.

Argued March 1, 1994.

Decided April 5, 1994.

Richard E. Bower, for appellants.

Gary N. Altman, for appellees.

Before McGINLEY and NEWMAN, JJ., and NARICK,
Senior Judge.

NEWMAN, Judge.

Frederick F. Zeigler, III and Rhonda M. Zeigler (the Zeiglers) appeal by permission from an interlocutory order of the Court of Common Pleas of Fayette County (trial court) denying their motion to quash the land use appeal of John W. Klay and Sharon M. Klay (the Klays). We affirm.

The Klays are the owners of Fayette Springs Farm, a working farm of approximately 215 acres located in Wharton Township. The Zeiglers are the owners of 3.62 acres of land which adjoin Fayette Springs Farm.

On March 9, 1992, the Zeiglers filed with Wharton Township (Township) an application for a zoning certificate to permit the construction of a two building, strip-type shopping mall on their land. Thereafter, the Zeiglers filed a land development plan which the Township then forwarded to the Fayette County Planning Commission (Commission) for its review. Based upon this review, the Commission determined that the proposed buildings on the Zeiglers' land development plan were in violation of the setback line requirements of the Wharton Township Zoning Ordinance.

On June 26, 1992, the Zeiglers applied for a variance from the front and side lot requirements. Following a public hearing, the Wharton Township Zoning Hearing Board (ZHB) granted the variance from the front lot requirements but denied the variance from the side lot requirements.

On October 28, 1992, the Klays, as individuals and trading and doing business as Fayette Springs Farm, filed with the trial court a land use appeal from the ZHB's decision granting the Zeiglers a setback line variance. In their land use appeal, the Klays named the Zeiglers as the appellees [1] and contested the grant of the variance on the basis that the Zeiglers failed to establish unnecessary hardship. Thereafter, the Zeiglers filed a notice of intervention.

---

**1.** The caption of the appeal was "John W. Klay and Sharon M. Klay, as individuals, and trading and doing business as Fayette Springs Farm v. Frederick F. Zeigler, III, and Rhonda M. Zeigler."

On November 17, 1992, the Zeiglers filed a motion to quash the Klays' land use appeal for failure to name the ZHB as an appellee. The Klays filed an answer to this motion.

On March 29, 1993, the trial court, by opinion and order of Judge Gerald R. Soloman, denied the Zeiglers' motion to quash the Klays' land use appeal. Specifically, the trial court noted that it was unable to locate any statutory authority or case law mandating that a zoning hearing board be named as an appellee in a land use appeal. The trial court further noted that pursuant to Section 708 of the Judicial Code, 42 Pa.C.S. § 708, objections to governmental determinations are not to be defeated because of an error in the form of the objection; and therefore, even if there were such a requirement, the procedural error should be overlooked and the appeal heard on the merits. Thereafter, the trial court amended its order to include the statement prescribed by Section 702(b) of the Judicial Code, 42 Pa.C.S. § 702(b).[2] The Zeiglers then filed a petition for permission to appeal pursuant to Pa.R.A.P. 1311, and we granted the petition. This appeal followed.

On appeal to this court, the sole issue presented is whether a zoning hearing board must be named as an appellee in a land use appeal under the Pennsylvania Municipalities Planning Code (MPC).[3]

In support of their position that the Klays' land use appeal should be quashed for failure to name the ZHB as an appellee, the Zeiglers advance several arguments. First, the Zeiglers assert that this failure was in violation of Section 1003–A of the MPC, 53 P.S. § 11003–A. Pursuant to this section, land use appeals shall be entered as of course by the prothonotary

---

**2.** Section 702(b) provides in pertinent part that:

[w]hen a court ..., in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order....

42 Pa.C.S. § 702(b).

**3.** Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11201.

or clerk upon the filing of a land use appeal notice which concisely sets forth the grounds on which the appellant relies. 53 P.S. § 11003–A(a). This section also provides that upon the filing of a land use appeal, the prothonotary or clerk shall send to the governing body, board or agency whose decision has been appealed, a copy of the appeal notice, together with a writ of certiorari commanding said governing body, board or agency, to certify to the court its entire record in the matter. 53 P.S. § 11003–A(b). If the appellant is a person other than the landowner of land directly involved in the decision appealed from, the statute further provides that the appellant shall serve a copy of the appeal notice by mailing said notice to the landowner. 53 P.S. § 11003–A(c). Last, pursuant to this statute, the filing of an appeal in the trial court shall not stay the action appealed from, but the appellants may petition the court that has jurisdiction for a stay; this section also identifies those situations in which the posting of a bond is warranted. 53 P.S. § 11003–A(d). It is apparent, however, that despite the detailed language of Section 1003–A of the MPC, this statutory provision does not include within its coverage a requirement that a zoning hearing board be named as an appellee in a land use appeal. Therefore, we must reject the Zeiglers' argument.

Next, the Zeiglers cite Section 1004–A of the MPC, 53 P.S. § 11004–A, which provides that if a land use appeal is from a board or agency of a municipality, the municipality and any owner, or tenant of the property, directly involved in the action appealed from may intervene as of course by filing a notice of intervention. The Zeiglers similarly rely upon case law, interpreting the predecessor of Section 1004–A, which holds that neither a municipality nor a landowner is automatically deemed to be an appellee of record in a land use appeal despite the fact that both parties may have participated before the zoning hearing board.[4] We note, however, that while the MPC and case law provide that a municipality or landowner

---

**4.** Specifically, the Zeiglers rely upon *Gilchrist v. Zoning Hearing Board of Old Forge Borough,* 83 Pa.Commonwealth Ct. 27, 475 A.2d 1366 (1984) and *Gilbert v. Montgomery Township Zoning Hearing Board,* 58 Pa.Commonwealth Ct. 296, 427 A.2d 776 (1981).

may intervene in a land use appeal as of right, the authority cited by the Zeiglers does not support their position that a zoning hearing board must be named as an appellee in a land use appeal. As such, we conclude that the Zeiglers' argument is without merit.

Third, the Zeiglers rely on *Epting v. Marion Township Zoning Hearing Board*, 110 Pa.Commonwealth Ct. 389, 532 A.2d 537 (1987), *petition for allowance of appeal denied*, 518 Pa. 628, 541 A.2d 1139 (1988) and *Marzo v. Zoning Hearing Board of Abington Township*, 30 Pa.Commonwealth Ct. 225, 373 A.2d 463 (1977). While both opinions hold that a zoning hearing board has standing to defend its decision as an appellee before the common pleas court or subsequently before an appellate court, neither opinion stands for the proposition that a zoning hearing board must be named as an appellee in a land use appeal. We therefore conclude that the Zeiglers' argument in this regard must fail.

Last, the Zeiglers cite *Ottaviano v. Society Hill Civic Association*, 73 Pa.Commonwealth Ct. 307, 457 A.2d 1041 (1983) in which we held that a trial court erred in refusing to quash a land use appeal for failure to name the proper respondent. In *Ottaviano*, the Civic Association filed a petition in the trial court for a writ of certiorari to the Zoning Hearing Board of Adjustment naming Joseph Ottaviano (the landowner), not the Board, as the respondent. Ottaviano moved to quash the appeal for failure to name the Board as the respondent, and the trial court denied his motion. On appeal, we held that the trial court erred in failing to quash the appeal.

While *Ottaviano* is seemingly on point, we note that our holding in that case was specifically predicated on Section 14–1806(3) of the Philadelphia Code which provides that the zoning hearing board must be named as the respondent in zoning appeals. Because Philadelphia is a first class city and is therefore not governed by the MPC, *Ottaviano* is not controlling here. As such, we conclude that the Zeiglers' reliance on *Ottaviano* is misplaced.

Absent a specific requirement in the MPC or in the controlling case law that a zoning hearing board be named as an appellee in a land use appeal, we may reach no other conclusion than that the trial court correctly denied the Zeiglers' motion to quash the Klays' land use appeal. Accordingly, we affirm the order of the trial court.

## *ORDER*

AND NOW, April 5, 1994, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is affirmed.