Theresa **SNYDER**, Francis Snyder, Richard Snyder, Janet Snyder, William Hardestey, Mrs. William Hardestey, Francis Flannery, Dorothy Flannery, Charles Wagner, Edward Koszarek, Mrs. Edward Koszarek, Dr. Anna O'Riordan, William McCloskey, Patricia McCloskey, Dorothy Ward, Dorothy Woods, James Fallon, Regina Gillespie, Joseph Sprat, Elizabeth Morris, Donna Sprat, Daniel McCartney, Irene McCartney and David Peppelman, Appellants,

v.

The **ZONING HEARING BOARD OF WARMINSTER TOWNSHIP** and **Planned Parenthood Association of Bucks County.**

Commonwealth Court of Pennsylvania.

Argued June 6, 2001.

Decided Aug. 21, 2001.

Reargument En Banc Denied Oct. 22, 2001.

James T. Owens, West Chester, for appellants.

Andrew W. Bonekemper and Marc. D. Jonas, Lansdale, for appellee, Planned Parenthood Assoc. of Bucks County.

Stephen B. Harris, Warrington, for appellee. The ZHB of Warminster Twp.

Before FRIEDMAN, Judge, FLAHERTY and RODGERS, Senior Judges.

FRIEDMAN, Judge.

Theresa Snyder, et al. (Appellants) appeal from an October 24, 2000 order of the Court of Common Pleas of Bucks County (trial court) affirming the decision of the Warminster Zoning Hearing Board (Board), which determined that the performance of induced abortions as an outpatient service is a permitted use pursuant to Use 19 of the Warminster Township (Township) Zoning Ordinance (Ordinance).

Planned Parenthood owns and occupies property located at 610 Louis Drive (Property) in the Township. (Board's Findings of Fact, No. 1.) The Property is located in the I Industrial zoning district, where Use 19 is permitted by right. (Board's Findings of Fact, Nos. 17, 28.) Use 19 permits an "[o]ffice or clinic for medical or dental examination or treatment of persons as out-patients including laboratories incidental thereto."

On June 8, 1999, Planned Parenthood applied for a Use and Occupancy permit with the Township, (Board's Findings of Fact, No. 2); however, at no time did Planned Parenthood inform Township officials of its intention to perform induced abortions at this location.[1] (Board's op. at Discussion.) On June 18, 1999, the Township's Zoning Officer issued a temporary permit, and, after Planned Parenthood complied with certain construction requirements, the Zoning Officer granted a final permit on September 27, 1999.[2] (Board's Findings of Fact, No. 3.) On December 28, 1999, Appellants filed an appeal *nunc pro tunc* with the Board, and the Board held hearings on February 7 and 8, 2000. (Board's Findings of Fact, Nos. 7–8, 15.) At the hearings, Appellants argued that induced abortions are not a permitted use under Use 19 of the Ordinance and that the addition of this service was an imper-missible change in use. Specifically, Appellants argued that an induced abortion is a non-medical, surgical procedure and that the performance of surgeries is not a permissible use under Use 19.

By a three to two majority, in a decision dated March 23, 2000, the Board upheld the issuance of the permit. In doing so, the Board concluded that induced abortions are medical procedures and, because the Ordinance does not differentiate between surgical medical procedures and non-surgical medical procedures, the Board concluded that the abortions performed by Planned Parenthood are a permitted use under Use 19. On March 8, 2000, Appellants filed an appeal with the trial court, which affirmed the Board's decision.

Appellants now appeal to this court,[3] arguing that the trial court erred in affirming the Board's determination that induced abortions fall within Use 19 of the Ordinance. Before we reach this substantive issue, however, we must address the procedural arguments raised by Planned Parenthood. Initially, Planned Parenthood argues that Appellants' appeal of the Board's decision to the trial court was premature and, thus, should have been quashed. We agree.

---

1. Prior to June 1999, Planned Parenthood was located at 600 Louis Drive, which is also zoned I Industrial. (Board's Findings of Fact, Nos. 18–19.) At the 600 Louis Drive location, Planned Parenthood had been providing services pursuant to Use 19 of the Ordinance. (Board's Findings of Fact, No. 20.) Planned Parenthood did not offer abortion services at the 600 Louis Drive location. (*See* Board's Findings of Fact, Nos. 30–31.)

2. A December 2, 1999 article appeared in the *Bucks County Intelligencer* newspaper regarding the abortion services that would be offered at the Property. The article attracted the attention of Appellants, who are opposed to abortion, resulting in their request to the Zoning Officer to reconsider his decision. The Zoning Officer determined the permit was properly granted. (Board's Findings of Fact, Nos. 4–6.)

3. Where, as here, the trial court did not take additional evidence, our scope of review is limited to determining whether the Board abused its discretion or committed an error of law. *See Smith v. Zoning Hearing Board of Huntingdon Borough*, 734 A.2d 55 (Pa. Cmwlth.), *appeal denied*, 561 Pa. 664, 747 A.2d 904 (1999). Further, this court must give great weight and deference to the Board's determination. *See id.*

■ The timeliness of an appeal relates to the jurisdiction of a court and its competency to act. *In re Order of Nether Providence Zoning Hearing Board Dated April 28, 1975*, 25 Pa.Cmwlth. 41, 358 A.2d 874 (1976). The procedures in the Pennsylvania Municipalities Planning Code (MPC) [4] are the exclusive methods for securing review of a zoning decision. 53 P.S. § 11001–A. Section 1002–A of the MPC provides that all appeals to the trial court from a land use decision "shall be filed *within 30 days after entry of the decision . . . .*" 53 P.S. § 11002–A (emphases added). Here, Appellants filed their appeal on March 8, 2000,[5] *before* the Board's March 23, 2000 decision and order. *See* 42 Pa.C.S. § 5572 (stating that the date of service of an order of a government unit shall be the date of mailing if service is by mail). Additionally, Appellants never filed a subsequent appeal within thirty days *after* the entry of the decision, as required by the MPC. Therefore, Appellants' March 8, 2000 appeal of the Board's decision to the trial court was premature, and the trial court should have quashed that appeal.[6] *See Mountain Protection Alliance v. Fayette County Zoning Hearing Board*, 757 A.2d 1007 (Pa.Cmwlth.2000) (quashing an appeal as premature where appellants filed their appeal to the court of common pleas before the issuance of a decision and before deemed approval occurred); *Ottaviano v. Society Hill Civic Association*, 73 Pa.Cmwlth. 307, 457 A.2d 1041 (1983) (holding that the failure to strictly comply with procedural and time requirements will result in the quashing of a zoning appeal).

Accordingly, we vacate the trial court's order and remand this matter to the trial court to quash Appellants' appeal.

### ORDER

AND NOW, this 21st day of August, 2001, the order of the Court of Common Pleas of Bucks County, dated October 24, 2000, is hereby vacated, and the matter is remanded in accordance with this opinion.

Jurisdiction relinquished.

---

**4.** Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §§ 10101–11202.

**5.** Appellants argue that they filed their appeal within thirty days of February 8, 2000, the date of the Board's verbal decision. (Appellant's reply brief at 8.)

**6.** Because of our disposition of this issue, we need not address the other procedural issues raised by Planned Parenthood, namely, whether Appellants have standing and whether Appellants' appeal to the Board was timely, or the merits of the case.