CONCURRING OPINION BY
Judge McCullough.
I concur in the result reached by the Majority, and I write separately to clarify the statement that an adjoining landowner must always file a petition to intervene in order to appeal a land-use decision by a zoning hearing board because I believe it is overly broad. (See Maj. op. at 381 & n. 4.)
*382 In this case, the Township of Covington Zoning Hearing Board (Board) issued a September 25, 2013 order upholding six different enforcement notices against Joan and William Lescinsky (the Lescinskys), and an October 4, 2013 order denying the Lescinskys’ request for a variance. (Reproduced Record (R.R.) at 85a-86a, 93a, 103a.) Lorraine Sulla (Sulla), an adjoining property owner who participated in the proceedings before the Board, seeks to appeal these orders to the trial court, but she failed to file a petition to intervene with the trial court.
Under Pennsylvania law, when a Board issues an order upholding an enforcement notice, or an order denying a property owner’s request for land-use relief (such as a variance), an objecting, adjoining landowner must petition to intervene with the trial court, regardless of the objector’s status or participation in the proceedings before the Board. Brendel v. Zoning Enforcement Officer of Borough of Ridgway, 780 A.2d 750, 751 (Pa.Cmwlth.2001); Gilchrist v. Zoning Hearing Board of Old Forge Borough, 83 Pa.Cmwlth. 27, 475 A.2d 1366, 1368 (1984). In these scenarios, the property owner subject to enforcement sanctions or denied requested land-use relief serves as the appellant; the Board acts as the appellee to defend its own decisions, see Zeigler v. Klay, 163 Pa.Cmwlth. 221, 640 A.2d 511, 513-14 (1994); and the objecting, adjoining landowner is not “aggrieved” for standing purposes because the Board’s orders are not “adverse” to the objector’s interests. Accordingly, our law requires the objecting, adjoining landowner to file a petition to intervene and be granted intervenor status in order to participate at the trial court level.
However, when a Board issues an order granting a property owner’s request for land-use relief, an objecting, adjoining landowner — assuming that the objector is “directly affected” by the grant — need only obtain party status before the Board and sufficiently participate in the proceedings in order to have standing to appeal to the trial court. Thompson v. Zoning Hearing Board of Horsham Township, 963 A.2d 622, 624-25 (Pa.Cmwlth.2009); Orie v. Zoning Hearing Board of the Borough of Beaver, 767 A.2d 623, 624-25 (Pa.Cmwlth.2001). In this scenario, there is, in essence, no person or entity to act as the appellant because the Board and the property owner who was granted the land-use relief will not be filing an appeal. Accordingly, our law permits an objecting, adjoining landowner to file an appeal from the Board’s decision and be afforded party status before the trial court without having to file a petition to intervene.
As noted, Sulla appeals from the Board’s orders upholding the enforcement notices against the Lescinskys and denying the Lescinskys’ request for a variance. Because Sulla failed to file a petition to intervene with the trial court, she lacked standing to advance arguments or otherwise participate before the trial court. Nonetheless, it is not always necessary for an objecting, adjoining landowner to file a petition to intervene with the trial court, especially in cases where the Board grants a property owner’s request for land-use relief and the objector participates in the proceedings as a party-opponent.
With these observations being stated, I respectfully concur in the result reached by the Majority.