| | | |
|---|---|---|
| Lebanon Solar I, LLC,<br>    Appellant | : | CONSOLIDATED CASES |
| | : | |
| v. | : | |
| | : | |
| North Annville Township Board of<br>Supervisors and Grady Summers | : | No. 189 C.D. 2024 |
| | | |
| Lebanon Solar I, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| North Annville Township Board of<br>Supervisors and Grady Summers | : | |
| | : | No. 191 C.D. 2024 |
| Appeal of: Grady Summers | : | |
| | | |
| Lebanon Solar I, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| North Annville Township Board of<br>Supervisors and Grady Summers | : | |
| | : | |
| Appeal of: North Annville Township<br>Board of Supervisors | : | No. 255 C.D. 2024<br>Submitted: April 8, 2025 |

BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge
                  HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                                    FILED: May 23, 2025

         This matter concerns the consolidated appeals of Designated Appellant

Lebanon Solar I, LLC (Lebanon Solar), Intervenor Grady Summers (Intervenor),

and Designated Appellee North Annville Township Board of Supervisors (Board)

from the order of the Court of Common Pleas of Lebanon County (Trial Court) dated

January 26, 2024 (Trial Court Order), that affirmed the Board's denial of Lebanon Solar's conditional use application submitted in regard to a proposed solar farm. Upon review, we vacate and remand.

## I. Factual and Procedural Background

On May 3, 2021, Lebanon Solar submitted a Conditional Use Application (Application) to North Annville Township (Township) for the development of a 1,234-acre solar farm, which was later reduced to 858 acres (Project). *See* Trial Court Opinion dated January 26, 2024 (Trial Court Opinion) at 2-3, Reproduced Record (R.R.) at 960a-61a; *see also* Board's "Findings of Fact, Conclusions of Law and Decision" dated May 12, 2022 (Board Decision) at 1, R.R. at 922a. The Project as proposed was to be located over 12 contiguous tax parcels (collectively, the Lots), with various lots owned by separate owners (collectively, Landowners).[1] *See* Board Decision at 1, R.R. at 992a; Trial Court Opinion at 3, R.R. at 961a. Each of the Lots is located within Township's A-1 Agricultural Zoning District (A-1 District).[2] *See* Board Decision at 1, R.R. at 922a; Trial Court Opinion at 3, R.R. at 961a.

---

[1] The 17 Landowners are: Alan D. Hostetter and Robin D. Hostetter; Dale E. Hostetter and Thelma M. Hostetter; Parke W. Breckbill and Susan J. Breckbill; Brent A. Kaylor and Julia S. Kaylor; Eli E. Nolt and Darla Nolt; Leonard C. Long and Michael L. Long; Bruce Brightbill and Hilda Brightbill; the Baer Brothers Farms; and Elvin M. Hostetter and the Hostetter Family Limited Partnership II. *See* Board Decision at 1, Reproduced Record (R.R.) at 922a. The tax parcels/lots involved are: 25-229478-379886-0000; 25-2302207-381436-0000; 25-2299571-378739-0000; 25-2297632-376780-0000; 25-2301670-388452-0000; 25-2299880-373803-0000; 25-2302100-379838-0000; 25-2302257-387871-0000; 25-2300405-381893-0000; 25-2300498-383638-0000; 25-2299851-378128-0000; 25-2296964-375508-0000. *See* Board Decision at 1, R.R. at 922a.

[2] The Application states that the entirety of the property to be used for the Project is located within the A-1 District, "with the exception of approximately 3 acres of land on the Baer Brothers Farms property[.]" *See* Application at 1, R.R. at 140a.

The Board conducted public hearings on the Application on January 25, 2022, January 26, 2022, and February 24, 2022 (collectively, Conditional Use Hearing). *See* Board Decision at 1, R.R. at 922a; Trial Court Opinion at 4-6, R.R. at 962a-64a. A number of Township individuals upset at the prospect of locating a solar farm in the primarily agricultural A-1 District, including Intervenor (collectively, Objectors),[3] organized and appeared at the Conditional Use Hearing to object to the Project. *See* Board Decision at 2, R.R. at 923a; Trial Court Opinion at 4, R.R. at 962a. The Trial Court summarized the Conditional Use Hearing as follows:

> It is obvious from reading the 400-page transcript of the [Conditional Use Hearing] proceedings that Lebanon Solar's proposal was predicated upon the belief that it could submit one application that would cover the entire [P]roject spread over twelve (12) different parcels of land. The entirety of the testimony provided by Lebanon Solar presupposed that the conditional use criteria . . . should be applied to the aggregate area of land that comprised the entire project. When Intervenor raised the argument that each parcel should be considered a separate "lot[,]" Lebanon Solar responded by producing option agreements from all landowners comprising the [P]roject. These agreements explicitly provided Lebanon Solar with permission to make proposals related to the [P]roject on behalf of all [L]andowners.
>
> Also addressed at the Conditional Use Hearing was the adequacy of Lebanon Solar's bonding and stormwater management plans. From the beginning, Lebanon Solar took the position that [a]n adequate amount of financial security can only be determined once a design of the

---

[3] The Objectors included: Grady Summers; Larry Buffenmeyer; Brenda Buffenmeyer; Suzanne Forney; Aaron Miller, III; John Shaver; Brenda Shaver; and Brian Tshudy. *See* Board Decision at 2, R.R. at 923a. All were granted party status at the first hearing. *See* Board Decision at 2, R.R. at 923a.

proposed development is finalized. Similarly, Lebanon Solar promised that it would provide a stormwater management plan suitable to the County of Lebanon. On rebuttal, Lebanon Solar presented an expert who testified that issues such as bonding and stormwater management should all be considered as part of the land development process after the Conditional Use Hearing determines whether the use is allowed in th[e A1 D]istrict. That same expert testified that it would be impossible for Lebanon Solar to definitively determine bonding or stormwater management issues at a Conditional Use Hearing stage because the Project planning was still incomplete.

It is apparent from the record that the Conditional Use Hearing was conducted before a standing-room only audience. When public comment was solicited, numerous people came forward. Most opposed the Project. Some favored it. Fairly summarized, those who opposed the Project were concerned about water run-off, impairment of "scenic views" and the lack of definitive planning for the Project. On the other hand, several of the farmers who participated in the Project testified about the economic challenges facing farmers in [] Township. These farmers pointed out that a solar farm would preserve the character of the area in a way that a massive housing development would not.

Trial Court Opinion at 4-6, R.R. at 962a-64a (internal record citations, quotation marks, and all-capitals party name designations omitted).

Following the Conditional Use Hearing, the Board reconvened on April 5, 2022, and voted on the record to deny the Application.[4] *See* Trial Court Opinion at 6, R.R. at 964a. The Board offered no explanation for the denial of the Application at that time, although the parties had previously agreed that the Board would issue a

---

[4] As the Trial Court explained, "[o]ne Board member abstained from voting because a part of the proposed [P]roject was owned by members of his extended family. The two other Board members voted to deny the [A]pplication." Trial Court Opinion at 6, R.R. at 964a.

4

written decision within 45 days. *See* Trial Court Opinion at 6-7, R.R. at 964a-65a. Lebanon Solar filed a Notice of Land Use Appeal on May 5, 2022 (Notice of Appeal). *See* Notice of Appeal, R.R. at 860a-921a.

Thereafter, on May 12, 2022, the Board issued the written Board Decision that denied the Application and explained that the Board based the denial on three grounds: (1) the failure of Lebanon Solar to prove that each of the Lots complied individually with the conditions required to develop a solar farm as set forth in Section 522 of the Township of North Annville, Pennsylvania, Zoning Ordinance (2019)[5] (Ordinance); (2) the failure of Lebanon Solar to submit with the Application a stormwater management plan and an adequate bond in case of dissolution, as required by the Ordinance; and (3) the failure of Lebanon Solar to propose an adequate vegetative buffer, as required by the Ordinance. *See* Trial Court Opinion at 6-7, R.R. at 964a-65a; *see also generally* Board Decision, R.R. at 922a-29a.

On June 17, 2022, Lebanon Solar filed an Amended Notice of Land Appeal in the Trial Court (Amended Notice of Appeal). *See* Trial Court Opinion at 7, R.R. at 965a; *see also* Amended Notice of Appeal, R.R. at 930a-45a. On September 20, 2022, the Board filed the "Motion of North Annville Township to Quash Appeal" (Motion to Quash), arguing that Lebanon Solar had failed to perfect its appeal by prematurely filing the original Notice of Appeal and untimely filing the Amended Notice of Appeal. *See* Motion to Quash, R.R. at 1058a-60a. The Trial Court denied the Motion to Quash by Opinion and Order dated February 13, 2023. *See* Trial Court Opinion dated February 13, 2023 (February 2023 Opinion), R.R. at 1062a-75a.

---

[5] *See* R.R. at 7a-139a.

5

The Trial Court affirmed the Board Decision by Order and Opinion dated January 26, 2024, which fully incorporated the February 2023 Opinion by reference.[6] *See* Trial Court Order of Court, R.R. at 957a-58a; Trial Court Opinion, 959a-98a. The Trial Court disagreed with the Board's holding that Lebanon Solar needed to comply with the conditions required to develop a solar farm as set forth in Ordinance Section 522 as to each of the Project's 12 individual Lots, basing the denial instead solely on Lebanon Solar's failure to comply with the conditions that an applicant submit an adequate stormwater management proposal and bond assurances. *See* Trial Court Opinion at 33-36 & 39-40, R.R. at 991a-94a & 997a-98a. The parties timely cross-appealed to this Court. *See* Notice of Appeal to Commonwealth Court of Intervenor, R.R. at 946a-51a; Notice of Appeal to Commonwealth Court of Lebanon Solar, R.R. at 952a-1008a; Board's Notice of Cross-Appeal, R.R. at 1021a-29a.

## II. Issues on Appeal

The parties raise multiple issues in their cross-appeals. Lebanon Solar first alleges that the Trial Court erred by relying on this Court's decision in *Brookview Solar I, LLC v. Mount Joy Township Board of Supervisors*, 305 A.3d 1222 (Pa. Cmwlth. 2023), which Lebanon Solar argues was neither raised nor cited by any party and is legally distinguishable from the matter at hand, in denying the Application. *See* Lebanon Solar's Br. at 6 & 17-23. Next, Lebanon Solar claims that the Board erred by determining that the Application was insufficient in that it failed to comply with the conditions set forth in Section 522 because the Application did not provide adequate bonding assurances or an adequate stormwater

---

[6] The Trial Court Opinion stated: "Eventually, this [c]ourt rendered a written Opinion on February 13, 2023[,] that afforded Lebanon Solar the ability to have its substantive legal rights adjudicated by this [c]ourt. To the extent necessary, we incorporate by reference the entirety of [the February 2023 Opinion] regarding the procedural aspects of Lebanon Solar's appeal." Trial Court Opinion at 7, R.R. at 965a.

6

management plan.  *See* Lebanon Solar's Br. at 6 & 23-28.  Lebanon Solar also claims that the Trial Court erred by affirming the Board Decision because it was not based on substantial evidence and capriciously disregarded competent evidence with regard to the required conditions of Ordinance Section 522.  *See* Lebanon Solar's Br. at 6 & 28-51.

For its part, the Board argues that the Trial Court properly denied the Application.  *See* Board's Br. at 7-8 & 13-59.  The Board argues that it acted in accordance with the applicable law in denying the Application because Lebanon Solar failed to provide an adequate bond and an approved stormwater management plan.  *See* Board's Br. at 7 & 13-23.  The Board also argues, however, that the Trial Court erred by determining that a conglomeration of the Project's 12 Lots could be treated as 1 lot for the purposes of the Application, and that, therefore, the Application failed to comply with multiple other Section 522 conditions, to wit, the requirements of:  a 50-acre minimum lot size; a 50-foot minimum property line setback; a permanent vegetative buffer/fencing; and a coverage maximum of 50% of total lot size.  *See* Board's Br. at 7, 23-38 & 41-59.  The Board also argues that the Trial Court further erred by denying its Motion to Quash Appeal, which was based on the Board's allegation that Lebanon Solar failed to properly and timely appeal from the Board Decision.  *See* Board's Br. at 7 & 39-41.

Intervenor also argues that the Trial Court did not err by affirming the Board's denial of the Application based on a failure to comply with the Section 522 requirements to provide adequate bonding and stormwater management plans.  *See* Intervenor's Br. at 3 & 20-22.  Intervenor argues, however, that the Trial Court did err by improperly substituting its own interpretation of the term "Lot" as defined by the Ordinance for that of the Board and by failing to defer to the Board's credibility determinations.  *See* Intervenor's Br. at 3 & 6-15.  Intervenor also argues that the Trial Court erred by denying the Motion to Quash where Lebanon Solar's initial

7

Notice of Appeal was untimely filed and the subsequent Amended Notice of Appeal was untimely filed. *See* Intervenor's Br. at 3 & 15-19.

### III. Discussion

### A. *Conditional Use Law and Review*

"[A] conditional use is one specifically recognized by the legislature as consistent with the zoning plan." *Aldridge v. Jackson Township*, 983 A.2d 247, 253 (Pa. Cmwlth. 2009). "As such, it is presumed the particular type of use does not, of itself, adversely affect public interest." *Id.* "In addressing an application for a conditional use, a local governing body must employ a shifting burden of persuasion." *Id.* (footnote omitted). "First, the applicant must persuade the local governing body its proposed use is a type permitted by conditional use and the proposed use complies with the requirements in the ordinance for such a conditional use." *Id.* "Once [the applicant] does so, a presumption arises [that] the proposed use is consistent with the general welfare." *Id.* "The burden then shifts to objectors to rebut the presumption by proving, to a high degree of probability, the proposed use will adversely affect the public welfare in a way not normally expected from the type of use." *Id.* Conditional use appeals are analyzed on a case-by-case basis, each turning on the use requested and the language of the ordinance at issue. *In re Richboro CD Partners, L.P.*, 89 A.3d 742, 749 (Pa. Cmwlth. 2014).

Where a trial court takes no additional evidence in a conditional use matter, this Court's review is limited to considering whether the local governing body erred as a matter of law or abused its discretion, which occurs when the body's findings of fact are not supported by substantial evidence. *See Williams Holding Grp., LLC v. Bd. of Supervisors of W. Hanover Twp.*, 101 A.3d 1202, 1212 n.8 (Pa. Cmwlth. 2014). In the land use context, the interpretation of an ordinance is a pure question of law. *See Kohl v. New Sewickley Twp. Zoning Hearing Bd.*, 108 A.3d 961, 968 (Pa. Cmwlth. 2015). As to questions of law, our standard of review is *de*

*novo* and our scope of review is plenary. *See Comm'rs of Cheltenham Twp. v. Hansen-Lloyd, L.P.*, 166 A.3d 496, 501 n.4 (Pa. Cmwlth. 2017).

## B. *Timeliness of the Notices of Appeal*

We first address the claim that the Trial Court erred by denying the Motion to Quash, as it implicates jurisdiction and is dispositive. In this claim, the Board and Intervenor both argue that the Trial Court lacked jurisdiction because Lebanon Solar failed to comply with the requisite appeal procedures outlined in the Pennsylvania Municipalities Planning Code (MPC)[7] in that Lebanon Solar's original Notice of Appeal was premature and the subsequent Amended Notice of Appeal was untimely filed. *See* Board's Br. at 39-41; *see also* Intervenor's Br. at 6-15.

In response, Lebanon Solar argues that the April 5, 2022 public vote by the Board was the ruling from which it needed to appeal. *See* Lebanon Solar's Reply Br. at 5 & 7-9. Lebanon Solar argues that the vote on April 5, 2022, illustrated the Board's determination with significant clarity to trigger the appeal period. *See id.* Lebanon Solar also argues that, if the timing of the Notice of Appeal does present a jurisdictional issue, the filing of the Amended Notice of Appeal cured any defect. *See id.* Additionally, Lebanon Solar argues that, even if the Amended Notice of Appeal was untimely filed, the Trial Court maintained authority to allow the appeal to continue if disallowing the appeal would result in a deprivation of due process. *See id.*

After reviewing the procedural posture of this matter, the parties' arguments, and various statutory sections and case law, the Trial Court addressed the issue of timeliness of the Notice of Appeal and Amended Notice of Appeal as follows:

---

[7] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10914.1(a).

As we contemplate [the appeal timeliness issue], we confess that our sympathies are with Lebanon Solar. From the outset of this dispute, Lebanon Solar's desire to [a]ppeal an adverse decision was crystal clear. It is plainly apparent that Lebanon Solar considered the proclamation of [the Board's] lawyer that the April 5, 2022 decision of the Board would be a final one to trigger the [a]ppeal period. It even re-affirmed its desire to [a]ppeal by filing a supplemental document thirty-five (35) days after the written decision was published.

[The Board's] argument rests upon a technical interpretation of the MPC and the confusing precedent outlined above. We are reluctant to elevate a technical application of procedural requirements over a party's crystal-clear effort to have its substantive rights adjudicated. . . .

. . . .

We certainly understand [the Board's] argument. Viewing the record now before us from a hyper-technical perspective, there is a logical legal argument that would support quashing Lebanon Solar's [a]ppeal.

That said, we cannot ignore the following . . .

- That the MPC requires an [a]ppeal within thirty (30) days of a final decision.

- That [the Board's a]ttorney [] clearly characterized the April 5, 2022 vote of the Board as a final decision.

- That nothing in the MPC equates a final decision with a written one.

- That Lebanon Solar took the extra step of filing an Amended [Notice of] Appeal following a written decision that was never properly served in accordance with the MPC; and

10

- That the decisional precedent cited by the parties is murky enough that we cannot justify throwing out a party's substantive rights based upon it.

Based on the above, we will permit Lebanon Solar's [a]ppeal to proceed to [sic] that its substantive rights can be adjudicated.

February 2023 Opinion at 11-14 (use of all capital letters omitted). We do not agree with the Trial Court's determination on this issue.

This Court has long held that

[t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers.

*Iannotta v. Phila. Transp. Co.*, 312 A.2d 475, 476 (Pa. Cmwlth. 1973) (internal citations omitted); *see also Stanton v. Dep't of Transp., Bureau of Driver Licensing*, 623 A.2d 925, 926 (Pa. Cmwlth. 1993) ("The law is well settled that statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence."); *Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 545 (Pa. Cmwlth. 2020) ("Statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. Appeals filed beyond the appeal period are untimely and deprive the reviewing tribunal of subject matter jurisdiction over the appeals.") (internal citations omitted). Failure to adhere to the specific procedural and time limitations for land use appeals will result in quashal of an appeal of a conditional use determination. *See Luke v. Cataldi*, 883 A.2d 1114, 1120 (Pa. Cmwlth. 2005) (conditional use application); *Luke v. Cataldi*, 932 A.2d 45, 55 (Pa.

11

2007) (quoting Section 1002-A of the MPC, 53 P.S. § 11002-A,[8] in noting that land use appeals must be filed within 30 days after entry of the decision) (conditional use application); *see also Ottaviano v. Soc'y Hill Civic Ass'n*, 457 A.2d 1041, 1042 (Pa. Cmwlth. 1983) ("Failure to strictly comply with procedural and time requirements will result in the quashing of a zoning appeal.").

In contested conditional use matters, Section 913.2(b)(1) of the MPC provides that

> [t]he governing body shall render a written decision or, when no decision is called for, make written findings on the conditional use application within 45 days after the last hearing before the governing body. Where the application is contested or denied, each decision shall be accompanied by findings of fact or conclusions based thereon, together with any reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found.

53 P.S. § 10913.2(b)(1).[9]

Section 1001-A of the MPC establishes the procedures set forth in Article X-A of the MPC as "the exclusive mode for securing review of any decision . . . deemed to have been made under [the MPC]." 53 P.S. § 11001-A.[10] In turn, Section 1002-A(a) provides that

---

[8] Section 1002-A of the MPC was added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11002-A.

[9] Section 913.2 of the MPC was added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10913.2.

[10] Section 1001-A of the MPC was added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11001-A.

12

> [a]ll appeals from all land use decisions . . . shall be taken
> to the court of common pleas of the judicial district
> wherein the land is located and shall be filed within 30
> days after entry of the decision as provided in 42 Pa.C.S.
> § 5572 (relating to time of entry of order) . . . . It is the
> express intent of the General Assembly that, except in
> cases in which an unconstitutional deprivation of due
> process would result from its application, the 30-day
> limitation in this section should be applied in all appeals
> from decisions.

53 P.S. § 11002-A(a) (footnote omitted). Section 5572 provides that

> [t]he date of service of an order of a government unit,
> which shall be the date of mailing if service is by mail,
> shall be deemed to be the date of entry of the order for the
> purposes of this subchapter. The date of entry of an order
> of a court or magisterial district judge may be specified by
> general rules.

42 Pa.C.S. § 5572. Further, our Supreme Court has stated that "the mailing or other direct communication of the written decision" pertaining to a land use decision, not the verbal vote of a governing body, triggers the period of time during which an appeal may be filed. *Narberth Borough v. Lower Merion Twp.*, 915 A.2d 626, 636 (Pa. 2007); *see also First Ave. Partners v. City of Pittsburgh Plan. Comm'n*, 151 A.3d 715, 722 (Pa. Cmwlth. 2016).

This Court has determined that prematurely filed notices of appeal of determinations under the MPC should be quashed. In *Snyder v. Zoning Hearing Board of Warminster Township*, 782 A.2d 1088 (Pa. Cmwlth. 2001), the appellants filed a notice of appeal on March 8, 2000, within 30 days of a zoning hearing board's February 8, 2000 verbal decision of a use application. On March 23, 2000, the zoning hearing board issued its written decision on the application. *See Snyder*, 782 A.2d at 1089-90. On appeal, this Court determined that the notice of appeal, having been filed before the written determination of the zoning hearing board, was

13

premature and should have been quashed.  *See id.* at 1090; *see also Mountain Prot. All. v. Fayette Cnty. Zoning Hearing Bd.*, 757 A.2d 1007 (Pa. Cmwlth. 2000) (finding lack of jurisdiction where notice of appeal filed prior to notice of deemed decision on special exception application).

However, this Court has also found that, where an appellant files a premature notice of appeal of a determination under the MPC, such premature notice may be cured by a timely-filed notice of appeal following the issuance of a written determination.  In *EDF Renewable Energy v. Foster Township Zoning Hearing Board*, 150 A.3d 538 (Pa. Cmwlth. 2016), a zoning hearing board voted to deny a zoning application on December 3, 2014.  *See EDF*, 150 A.3d at 543.  The applicant filed a Notice of Land Use Appeal on January 2, 2015, indicating that it was appealing the zoning hearing board's December 3, 2014 decision.  *See id.* at 544. On January 5, 2015, the zoning hearing board issued its written decision.[11]  *See id.* Thereafter, on January 30, 2015, the applicant filed a Supplemental Notice of Appeal.  *See id.*  The zoning board filed a motion to quash the appeal, which the trial court denied on June 4, 2015, before affirming the zoning hearing board's decision in an order issued in November of 2015.  *See id.*  On appeal to this Court, the zoning hearing board argued that the applicant's appeal should be quashed as premature because the original notice of appeal was filed before the issuance of the zoning hearing board's written decision and a notice of appeal cannot be supplemented.  *See id.* at 544-45. This Court determined that the trial court did not err by denying the motion to quash the appeal as premature because, even though the original Notice of Land Use Appeal was prematurely filed, the second notice, filed within 30 days

---

[11] The written decision was dated January 2, 2015, but not mailed until January 5, 2015. *See EDF*, 150 A.3d at 544.

14

of the zoning hearing board's written decision, cured any jurisdictional defect. *See id.* at 545.

In the instant matter, the Board verbally voted to deny the Application at the reconvened Board hearing on April 5, 2022. The parties had previously agreed to a schedule whereby the Board would issue a written decision within 45 days. *See* Conditional Use Hearing Notes, February 24, 2022, at 390-91, R.R. at 846a-47a. Lebanon Solar filed its Notice of Appeal on May 5, 2022, however, prior to the Board's issuance of the written Board Decision. Thus, Lebanon Solar's Notice of Appeal was premature. *See Narberth*, 915 A.2d at 636; *see also Snyder*, 782 A.2d at 1090; *EDF*, 150 A.3d at 545. The Board then filed the Board Decision on May 12, 2022, and transmitted the decision to Lebanon Solar's counsel on the same date. Despite having filed a premature Notice of Appeal, Lebanon Solar still had 30 days from May 12, 2022, to appeal the written Board Decision. *See EDF*, 150 A.3d at 545; *Narberth*, 915 A.2d at 636. Had Lebanon Solar amended or otherwise supplemented its Notice of Appeal, or filed a new notice of appeal within those 30 days,[12] it could have cured the prematurely filed Notice of Appeal. *See EDF*, 150 A.3d at 545; *Narberth*, 915 A.2d at 636. However, Lebanon Solar did not file the Amended Notice of Appeal until June 17, 2022, after the expiration of the time period in which it could have timely supplemented the Notice of Appeal or filed a new notice of appeal. Because Lebanon Solar's Notice of Appeal was premature and its Amended Notice of Appeal was not timely filed, the Trial Court should have

_____

[12] In fact, because the 30th day after May 12, 2022 – June 11, 2022 – was a Saturday, Lebanon Solar actually had 32 days, or until the following Monday, June 13, 2022, to timely supplement its Notice of Appeal or file a new notice of appeal. *See* 1 Pa.C.S. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

quashed the appeal. *See Snyder*, 782 A.2d at 1090; *EDF*, 150 A.3d at 545; *Narberth*, 915 A.2d at 636; 53 P.S. § 11002-A.

We are unpersuaded that the clarity of Lebanon Solar's desire to appeal the Board Decision affords it any relief. This Court has made clear that an expressed desire to appeal does not equate to a properly filed appeal. *See Snyder*, 782 A.2d at 1090. A party desiring to appeal must properly follow the required steps to do so and cannot be excused for failing to properly file a timely appeal, even where the party undeniably desires to appeal. *See Snyder*, 782 A.2d at 1090. Further, although an improperly filed notice of appeal may be cured by a subsequent supplement or new notice of appeal, such subsequent filing must be timely filed. *See EDF*, 150 A.3d at 545. Simply put, a party plainly and apparently signaling its intent to appeal an adverse decision does not suffice to perfect an appeal in the absence of a proper, timely filed notice of appeal. Accordingly, the Trial Court erred to the extent it based its denial of the Motion to Quash on Lebanon Solar's "crystal clear" desire to appeal. *See* February 2023 Opinion at 11-12.

Additionally, we disagree that the statements of the Board's attorney at the Conditional Use Hearing led Lebanon Solar to believe that an appeal from the Board Decision was to be filed within 30 days of April 5, 2022. *See* February 2023 Opinion at 3-4 & 12-13. At the February 24, 2022 portion of the Conditional Use Hearing, the following scheduling discussion occurred on the record:

> [Board Attorney]: Okay. Fine. So just to get this on record, the transcripts will be produced by the 10th of March. The written briefs, memorandums, whatever will be produced by the 24th of March and we will then have a night of public deliberation on the 5th of April.
>
> [Lebanon Solar Attorney]: Just so we're clear so my client understands this, what you mean by public deliberation, it's the Board that's deliberating?

16

[Board Attorney]:  Correct.

[Lebanon Solar Attorney]:  There's no – the record will be closed at that point.

[Board Attorney]:  The record will be closed.  The record is closed.  It will just be public deliberation.

[Lebanon Solar Attorney]:  Got ya.

[Board Attorney]:  So and the written decision itself will be due forty-five days from April 5.

[Lebanon Solar Attorney]:  I was thinking the 24th, but that's fine.  Yes, that's fine.

[Board Attorney]:  Ok, so you're in agreement with that, [Lebanon Solar Attorney].  [Objectors' Attorney], are you in agreement with that?

[Objectors' Attorney]:  Yes.

[Objector] Mr. Tshudy:  So it's the 45-days from the April 5th meeting, and then they have the time to make the decision?

[Board Attorney]:  No, no, no, the decision will be made on April 5.  The written decision will be 45 days thereafter.

February 2023 Opinion at 3-4, R.R. at 1064a-65a (quoting Conditional Use Hearing Notes, February 24, 2022, at 390-91, R.R. at 846a-47a).  Contrary to the Trial Court's conclusion that "it [was] patently clear from [the Board's attorney's] comments that the vote on April 5, 2022[,] was the 'final' decision[,]" these statements actually make clear not that the April 5, 2022 vote was the final, appealable decision, but instead that the parties had entered into a scheduling agreement that explicitly stated that the Board would issue its written decision within

17

45 days after April 5, 2022, as required by the MPC. Lebanon Solar's counsel understood and explicitly agreed to this schedule.

To the extent the Trial Court discussed in the February 2023 Opinion denying the Motion to Quash an allegation that the Board failed to properly serve Lebanon Solar with the Board Decision,[13] we observe, first, that the MPC did not specifically require the Board to mail or personally deliver the Board Decision, but instead merely required that the parties receive actual or constructive notice of the Board Decision. *See* Section 1002.1-A of the MPC, 53 P.S. § 11002.1-A(b)[14] (requiring an appellant that challenges the validity of a land use decision on the basis of a defect in procedure to prove insufficient actual or constructive notice of the decision). Further, and in any event, Lebanon Solar conceded that the Board transmitted the Board Decision to its attorney on May 12, 2022, the day the Board Decision was issued. *See* Amended Notice of Appeal at 5 (pagination supplied), R.R. at 935a. Accordingly, Lebanon Solar cannot properly argue "insufficient actual or constructive notice of the decision to permit filing an appeal within the time period provided in [S]ection 1002-A(a)." 53 P.S. § 11002.1-A(b)(1).

As stated, while technical, the rules surrounding the timeliness of an appeal filing are mandatory and cannot be extended as a matter of grace. *See Stanton*, 623 A.2d at 926. Where an appealing party has not complied with the timeliness requirements of an appeal, the reviewing tribunal lacks jurisdiction over the appeal. *See Martin*, 230 A.3d at 545. Because Lebanon Solar failed to properly appeal in a timely fashion in this matter, the Trial Court erred by denying the Motion

---

[13] *See* February 2023 Opinion at 4, R.R. at 1065a. Lebanon Solar's response to the Motion to Quash does not appear in the Reproduced Record. However, the Trial Court's February 2023 Opinion refers to a Lebanon Solar allegation that the written Board Decision was not properly delivered. *See id.*

[14] Section 1002.1-A of the MPC was added by the Act of July 4, 2008, P.L. 319, 53 P.S. § 11002.1-A.

to Quash. Accordingly, because the Trial Court erred and should have quashed the appeal as untimely, we do not reach the merits of the underlying appeal.

## IV. Conclusion

For the reasons set forth herein, we vacate the Trial Court Order and remand the matter for the Trial Court to vacate the February 2023 Opinion and quash the appeal as untimely.

_____
CHRISTINE FIZZANO CANNON, Judge

19

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lebanon Solar I, LLC,<br>　　　　　　Appellant | : | CONSOLIDATED CASES |
| | : | |
| v. | : | |
| | : | |
| North Annville Township Board of<br>Supervisors and Grady Summers | : | No. 189 C.D. 2024 |
| | | |
| Lebanon Solar I, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| North Annville Township Board of<br>Supervisors and Grady Summers | : | |
| | : | No. 191 C.D. 2024 |
| Appeal of: Grady Summers | : | |
| | | |
| Lebanon Solar I, LLC | : | |
| | : | |
| v. | : | |
| | : | |
| North Annville Township Board of<br>Supervisors and Grady Summers | : | |
| | : | |
| Appeal of: North Annville Township<br>Board of Supervisors | : | No. 255 C.D. 2024 |

## O R D E R

AND NOW, this 23rd day of May, 2025, the January 26, 2024 order of the Court of Common Pleas of Lebanon County (Trial Court) is VACATED, and the matter is REMANDED for the Trial Court to vacate the Trial Court Opinion and Order dated February 13, 2023, and enter an order quashing the appeal to the Trial Court as untimely filed.

Jurisdiction relinquished.

_____
CHRISTINE FIZZANO CANNON, Judge